Edwin Young, as Executor, etc., Respondent, *v.* The Rondout and Kingston Gas Light Company et al., Appellants.

To justify this court in dissolving a temporary injunction, where the inevitable result will be the defeating of plaintiff's remedy without a trial, it must be satisfied that the case is one, in which, by settled adjudication, the plaintiff, upon the facts stated, is not entitled to final relief.

In an action by a stockholder of a gas-light company, to prevent its consolidation with an electric light, heat and power company, the complaint alleged that the proposed consolidation, if carried out, would be ruinous to the stockholders of plaintiff's company; that the two corporations are not so similar as to come within the act authorizing the consolidation of manufacturing corporations (Chap. 367, Laws of 1884); that that act is permissive merely and does not exclude the interference of the court to prevent a wrong and injustice and is, in some of its features, unconstitutional. No answer was interposed and upon the complaint and affidavits of plaintiff and defendant's treasurer and president, and after hearing both parties an injunction *pendente lite* was granted restraining the consolidation. *Held*, an order of General Term affirming the order of the Special Term was not reviewable here.

(Argued October 19, 1891; decided December 1, 1891.)

Appeal from order of the General Term of the Supreme Court in the third judicial department, made July 11, 1891, which affirmed an order of Special Term, continuing a temporary injunction granted herein.

This action was brought by plaintiff as executor of the last will and testament of Thomas Cornell, deceased, a stockholder of the Rondout and Kingston Gas Light Company, to restrain said company from consolidating with the Kingston Electric Light, Heat and Power Company.

The material facts are stated in the opinion.

*J. L. Bishop* for appellants. The injunction was unauthorized, because it does not appear from the complaint that the plaintiff is entitled to the final relief for which the action is brought. (*McHenry* v. *Jewett*, 90 N. Y. 58.) There are no facts stated which justify a court of equity in enjoining the

proposed consolidation as being unjust or unfair to the plaintiff. (Laws of 1884, chap. 367.) The act upon which the consolidation proceeding is based is constitutional. (Const. N. Y. art. 8, § 1; 1 R. S. chap. 18, § 8; Laws of 1848, chap. 37, § 23; *People* v. *O'Brien,* 111 N. Y. 1; Code Civ. Pro. § 2419; *People ex rel.* v. *Rice,* 33 N. Y. S. R. 34.) The authorities sustain the act of 1884 as an exercise of the power reserved to the legislature in the Constitution to alter and repeal charters. (*R. R. Co.* v. *Miller,* 10 Barb. 260; *Bailey* v. *Hollister,* 26 N. Y. 112; *In re Lee & Co.'s Bank,* 21 id. 9; *N. Y. C. C. Co.* v. *C. S. R. R. Co.,* 40 Hun, 29; *P. R. Co.* v. *Thacher,* 11 N. Y. 102; *P. P. Co.* v. *Griffin,* 21 Barb. 454; *B., E. P. C. R. Co.* v. *Dudley,* 14 N. Y. 336; *In re Reciprocity Bank,* 32 id. 9; 17 How. Pr. 223; *R. R. Co.* v. *Brownell,* 24 N. Y. 345; *White* v. *R. Co.,* 14 Barb. 559; *Hyatt* v. *McArdle,* 25 id. 457; *Bishop* v. *Brainard,* 38 Conn. 289; 13 Wall. 190.) The authority of the legislature to authorize a consolidation of corporations is in certain instances the exercise of the right of eminent domain, and such is the nature of the act of 1884 as applied to the corporations in question. (Boone on Corp. § 188; Field on Corp. [Wood's ed.] §§ 390, 391; Green's Brice's Ultra Vires [2d Am. ed.], 632; Morawetz on Corp. § 1089; Laws of 1884, chap. 367, § 2; *N. O. G. Co.* v. *L. L. Co.,* 115 U. S. 650; Dillon on Mun. Corp. [4th ed.] § 3; *New Orleans* v. *Clark,* 95 U. S. 644.)

*John J. Linson* for respondent. The order appealed from is not reviewable here. (*H. R. T. Co.* v. *W. T. & R. R. Co.,* 121 N. Y. 397; *Sedrow* v. *Baker,* 93 id. 59.) As between the corporation and the stockholders, the charter is a contract prescribing to the corporation that it shall not attempt to materially change, extend, alter or abandon the particular business which that charter authorizes the corporation to do. Any attempt of the corporation to make such a change, extension, alteration or abandonment would be an unlawful act, which a single stockholder may prevent by injunction or set aside by a suit in equity. (Cook on Stocks and Stockholders, §§ 493, 666;

*Livingston* v. *Lynch,* 4 Johns. Ch. 573 ; *Copeland* v. *C. G. L. Co.,* 61 Barb. 60 ; *Blatchford* v. *Ross,* 54 id. 52 ; *Irvine* v. *Forbes,* 11 id. 587 ; *H. & N. H. R. R. Co.* v. *Crosswell,* 5 Hill, 383 ; *Ormsby* v. *V. C. Co.,* 56 N. Y. 623 ; *Leslie* v. *Leslie,* 110 id. 519 ; *Pierce* v. *Madison,* 21 How. [U. S.] 441.) As between the state and the corporation, and the state and the stockholders, the charter is a contract protected by that clause of the Constitution which provides that no state shall pass any law impairing the obligations of a contract. ( *Wilmington R. R. Co.* v. *Reid,* 13 Wall, 244 ; *In re Gibson,* 21 N. Y. 1 ; *People* v. *O'Brien,* 111 id. 1, 49 ; *S. T. Co.* v. *Barnes,* 42 Ind. 498 ; *Pearce* v. *Madison,* 21 How. [U. S.] 441 ; *McCray* v. *J. R. R. Co.,* 9 Ind. 358 ; *Booe* v. *J. R. R. Co.,* 10 id. 93 ; *New Orleans* v. *Harris,* 27 Miss. 517 ; *N. J. M. R. R. Co.* v. *Strait,* 35 N. J. L. 322 ; *Fry* v. *L., etc., R. R. Co.,* 2 Met. 314.) As against the objection of the plaintiff, the gas company could not effect this proposed consolidation, even by and with legislative sanction, were it not for the reserved right of the state to alter, amend and repeal charters and acts of incorporation. It cannot under this reserved right. (*S., etc., Co.* v. *Thatcher,* 11 N. Y. 102 ; *Sage* v. *Dillard,* 15 B. Mon. 340 ; *Commonwealth* v. *Essex,* 13 Gray, 239 ; *Orr* v. *Bracken,* 81 Ky. 593 ; *O., etc., R. R. Co.* v. *Vesie,* 39 Me. 571 ; *Mills* v. *C. R. R. Co.,* 41 N. J. Eq. 1 ; *Ferguson* v. *Meredith,* 1 Wall. 25 ; *K., etc., R. R. Co.* v. *March,* 17 Wis. 13 ; *Mowrey* v. *I. R. R. Co.,* 4 Biss. 78 ; Laws of 1848, chap. 37, § 23 ; *People* v. *O'Brien,* 111 N. Y. 1.) The plaintiff is a tenant in common with the other stockholders in the property, real and personal, and the franchises of the gas company. (*Livingston* v. *Lynch,* 4 Johns. Ch. 573 ; *Irvine* v. *Forbes,* 11 Barb. 587 ; *Plimpton* v. *Bigelow,* 93 N. Y. 592 ; Laws of 1886, chap. 268 ; *People* v. *O'Brien,* 111 N. Y. 1.) The statute assailed cannot be sustained as a valid exercise of the power of eminent domain. (Cooley on Const. Lim. 528 ; Mills on Em. Domain, § 50 ; Dillon on Mun. Corp. § 469 ; *Phillips* v. *D., etc., R. R. Co.,* 78 Penn. St. 177 ; *W. W. Co.* v. *Burkart,* 41 Ind. 364 ; *Dyckman* v. *Mayor, etc.,*

5 N. Y. 434; *Cole* v. *LeGrange*, 113 U. S. 1; *L. Assn.* v. *Topeka*, 20 Wall. 655; *Weisner* v. *Douglas*, 64 N. Y. 91; *Burlington* v. *Beasley*, 94 U. S. 310; *Hay* v. *C. Co.*, 3 Barb. 42.) The act in question does not authorize the consolidation of the gas and electric light companies. (Laws of 1890, chap. 416.)

FINCH, J. The doctrine recently declared in *Hudson River Telephone Co.* v. *Watervliet T. & R. R. Co.* (121 N. Y. 397), seems to us decisive of this appeal. To dissolve an injunction with the inevitable result of defeating plaintiff's remedy without a trial, we must be entirely satisfied that the case is one in which by settled adjudication the plaintiff, upon the facts stated, is not entitled to final relief. We cannot say that of this plaintiff's complaint in advance of a trial.

The grievance alleged and sought to be prevented is a proposed consolidation of two companies which it is claimed will be ruinous to the stockholders of one. And the grounds of resistance alleged are that the two corporations are not so similar as to come within the legislative provision, that the act itself is permissive merely and does not exclude the interference of the court to prevent a wrong and injustice, and that the law of 1884 is in some of its features unconstitutional. These are grave and serious questions. On this motion we ought not to decide them.

Whether the gas company and the electric light company are " similar," within the meaning of the statute when their modes of operation are different, and one is organized not merely to supply light but to manufacture and sell the apparatus for that purpose, is a question fairly open to discussion; and the other questions are too debatable to be decided on this motion.

The appeal should, therefore, be dismissed, with costs.

All concur.

Appeal dismissed.