THIRD AVENUE RAILWAY COMPANY, Plaintiff, *v.* PATRICK
J. SHEA, LOUIS FRIDIGER, WILLIAM B. FITZGERALD,
L. D. BLAND, FRANK O'SHEA, JAMES H. VAHEY, PAT-
RICK J. O'BRIEN, THOMAS F. SHINE, HUGH FRAYNE,
EDWARD McMORROW, JOHN T. McGRATH, WILLIAM H.
COLLINS, JOHN H. REARDON, J. T. THORPE, MATTHEW
HIGGINS, JOSEPH D. CANNON, PETER J. ROONEY,
JAMES P. HOLLAND, GEORGE KEENAN, J. J. WALSH,
WILLIAM CABOR, W. S. McCLENATHAN, BEN F. BOW-
BEER, JOSEPH GIBBONS, FRED HOOVER, GEORGE A.
DEAN, P. J. McGRATH, MAGNUS SINCLAIR, J. B. LAW-
SON, JOSEPH C. COLGAN, A. H. BURT, WILLIAM P.
WELCH, R. L. REEVES, AMALGAMATED ASSOCIATION OF
STREET AND ELECTRIC RAILWAY EMPLOYEES OF AMER-
ICA, and WILLIAM D. MAHON, Individually and
as President of said Amalgamated Association,
Defendants.

(Supreme Court, New York Special Term, October, 1919.)

Contracts — parties to — violation of — street railways — labor
unions — associations — when employer entitled to an injunc-
tion pendente lite.

    One party to a contract has a right of action against a third
person who entices the other party to the contract to break it.

    An agreement between plaintiff, a street railway company,
and the "Amalgamated Association of Street and Electric
Railway Employees of America" provided that any dispute
arising between them should be submitted to arbitration, but
without the existence of any such dispute, so far as known to
plaintiff, the association called a strike of motormen and con-
ductors and induced them to go out, whereupon plaintiff re-
solved not to employ any member of said association on its
line nor to employ any of its own employees who should there-
after join said association, and in pursuance of such policy
plaintiff entered into a contract with practically all of its em-

ployees upon the express understanding that each of them was not a member of said association and would not become so while in the employ of plaintiff or other companies comprising its system.   Each of said employees further agreed that while he was in plaintiff's employ or that of any of said other companies he would make no effort to induce any of his co-employees to become a member of the "Amalgamated Association of Street and Electric Railway Employees of America" and when more than four hundred of plaintiff's motormen and conductors, in violation of their contract, did join said association plaintiff discharged them, whereupon said association called another strike on the lines of plaintiff.  *Held,* that in an action against the members of said association in which the real issue seems to be a contest between plaintiff and the association as to whether plaintiff should recognize the association or not, plaintiff, in order to maintain the *status quo,* was entitled to an injunction *pendente lite* enjoining defendants served from enticing or persuading or attempting to persuade or entice such employees of the plaintiff as have entered into the contracts in question, on the ground that otherwise plaintiff will suffer irreparable damage.

Application for an injunction *pendente lite.*

Alfred T. Davison, for plaintiff.

Fridiger & Buchner (Louis Fridiger, of counsel), for defendants.

Finch, J.   This is an application brought on by an order to show cause containing a temporary stay, for an injunction until the trial of the action, on the ground that the plaintiff will otherwise suffer irreparable damage.

The basis of the claim of the plaintiff is a contract. which the plaintiff claims has been made between it and practically all of its employees.   This contract is as follows:

"I am employed by and work for the Third Avenue

Railway Company and (or) the other companies above named comprising the Third Avenue Railway System with the express understanding that I am not a member of the Amalgamated Association of Street and Electric Railway Employees of America, and I will not become so while an employee of the Third Avenue Railway Company and (or) the other companies above named; and I agree that while I am in the employ of said Third Avenue Railway Company and (or) any of the other companies above named, I will not make any efforts amongst the employees of any such company to induce any such employees to become members of said Amalgamated Association of Street and Electric Railway Employees of America.

" The above understanding and agreement also applies to and governs my employment by any other of the companies above named comprising the Third Avenue Railway System."

The plaintiff in its complaint in brief alleges that in 1916 the plaintiff and said Amalgamated Association of Street and Electric Railway Employees of America (hereinafter referred to as Amalgamated Association) agreed that if any dispute should arise between them such dispute would be submitted to arbitration; that thereafter, without the existence of any dispute between the plaintiff and said Amalgamated Association, so far as known to the plaintiff, and without submitting any issues to the plaintiff for arbitration, said Amalgamated Association called a strike of the motormen and conductors, and induced the men to go out on a strike, and that the plaintiff thereby suffered much damage, and that the public likewise suffered much; that the plaintiff because of what it deemed a willful breach of its solemn obligation on the part of said Amalgamated Association thereafter resolved not to employ any persons on its line who were members of

said association, and not to continue in its employ any employees who in the future should join said association, and that plaintiff thereafter consistently pursued such policy, and in pursuance thereof entered into the aforesaid contract with its employees; that thereafter the plaintiff dismissed upwards of 400 motormen and conductors by reason of their failure to comply with the terms of the contract, in that they joined said Amalgamated Association. In 1918, in consequence of such dismissals, said Amalgamated Association called a strike on the lines of the plaintiff. Plaintiff further alleges that the defendants know of the contract between the plaintiff and its employees and that they are engaged in enticing and persuading the employees to breach their contract and also are engaged in a conspiracy to procure a united breach by the plaintiff's employees, and that they are so doing with the willful, malicious intent of injuring the plaintiff in its business; and that the defendants are enticing the plaintiff's employees to break the above contract with the plaintiff and to become members of said Amalgamated Association in secret so that at a given time a strike may be called upon the lines of the plaintiff resulting in a complete tie-up.

The defendants on their part deny that the trouble between the plaintiff and said Amalgamated Association is due to any acts of said association, but rather that it is due to a willful breach and disregard by the plaintiff of its solemn obligation with said Amalgamated Association, and allege that a substantial number of plaintiff's employees have joined and will join the Amalgamated Association, and then for a defense alleges that said Amalgamated Association is an association having for its purposes and object the improvement of wages and working conditions of those eligible,

for membership in the association, and to encourage the settlement of disputes of employers and employees by arbitration, and that it is the only trade union having jurisdiction of employees of street railways in the city and state of New York.

Apparently there is no serious complaint now regarding amount of wages or conditions of employment. The real issue seems to be a contest between the plaintiff and said Amalgamated Association as to whether the plaintiff should recognize this particular association or not. The defendants urge that there is only one union at the present time among railway employees and that said defendant Amalgamated Association is such union. While this may be so today yet there is nothing to prevent the formation of other unions at any time and therefore this objection loses force. The agreement is not to refrain from joining any union but only a particular union against whose character plaintiff claims to have a just grievance.

Upon this application it is unnecessary to decide whether the plaintiff or the said Amalgamated Association was at fault in their previous dealings. The fact that it is conceded that some of the employees at least of the plaintiff have entered into an agreement noted above is sufficient upon this motion. In so far as such agreement exists the defendants who have been served, except defendant Hugh Frayne, should be enjoined during the pendency of the action from inducing, persuading or enticing its employees to break their contracts with the plaintiff. *Hitchman Coal & Coke Co. v. Mitchell,* 245 U. S. 229.

A right of action against a third party for enticing one party to breach its contract with another is universally recognized. *Posner Co., Inc.,* v. *Jackson,* 223. N. Y. 325, and cases therein cited.

While this question has usually arisen where a third

party persuades or entices an employee to leave his employer, yet the same principle applies to the case at bar. The principle is also equally applicable whether the contract is at will or otherwise. *Hitchman Coal & Coke Co.* v. *Mitchell, supra,* 254; *Truax* v. *Raich,* 239 U. S. 33, 38.

The plaintiff's right appearing clear, and it also being clear that irreparable damage is threatened, the plaintiff is entitled to an injunction *pendente lite* so as to maintain the *status quo. Sultan* v. *Star Co., Inc.,* 106 Misc. Rep. 43; *Young* v. *Rondout & K. Gas Light Co.,* 129 N. Y. 57; *City of Rochester* v. *Bell Tel. Co.,* 52 App. Div. 6.

Defendants urge that even if the employees join the Amalgamated Association secretly and still retain their place with the plaintiff, the plaintiff suffers no damage other than that of a mere naked right. An answer to this may be found in the words of Mr. Justice Pitney writing for the court: "Every Hitchman miner who joined Hughes' 'secret order' and permitted his name to be entered upon Hughes' list was guilty of a breach of his contract of employment and acted a lie whenever thereafter he entered plaintiff's mine to work. Hughes not only connived at this, but must be deemed to have caused and procured it, for it was the main feature of defendants' plan, the *sine qua non* of their programme."

It follows that the motion made by the plaintiff should be granted to the extent of enjoining defendants, except the defendant Hugh Frayne, from enticing or persuading, or attempting to persuade or entice, such employees of the plaintiff as have entered into the contracts already noted, during the pendency of the action.

Ordered accordingly.