## DUTTON and BLANCHARD vs. HOLDEN.

It is no *departure in pleading* for a defendant, after pleading *liberum tenementum*, to *rejoin* to a replication setting forth a demise, that in the demise was contained a *reservation* to do the acts complained of as trespasses.
A rejoinder, however, of a reservation in a lease, to *examine* demised premises, and *to make such repairs and alterations* as should be deemed necessary, is no answer to a charge for prostrating a fence, leaving the premises exposed to the intrusion of cattle, and converting the fence to the use of the defendant.

ERROR from the New-York common pleas. Dutton and Blanchard brought their action in the common pleas against Holden in *trespass* for entering a close and dwelling house of the plaintiffs ; for destroying the fence enclosing the lot, and for carrying away and converting the same to his own use. The defendant pleaded *liberum tenementum*. The plaintiffs *replied* that before the said time when, &c. the defendant demised the premises to them (the plaintiffs) for the term of five years, by virtue of which they entered and were possessed at the time of the said several trespasses, &c. The defendant *rejoined*, admitting the demise, but setting forth that

NEW-YORK, by it he *reserved* to himself the right and privilege, during the
May,1830. continuance of the term, to enter upon the premises at all
Dutton reasonable times, *to examine the same, and to make such ne-*
v. *cessary repairs and alterations as he should think requisite;* and
Holden. that in pursuance of such reservation, at the said time when,
&c. he did enter and examine the same, and made such ne-
cessary repairs and alterations as he thought requisite, which
are the same trespasses, &c. The plaintiffs demurred, and
the defendants joined in demurrer. The *common pleas* gave
judgment for the defendant; upon which a writ of error was
sued out.

J. A. *Spencer*, for plaintiffs in error.

A. *Taber*, for defendant in error.

*By the Court*, MARCY, J. The first question presented by
the pleadings is whether the rejoinder is a departure from the
defence set up by the plea. I am disposed to think it is not.
The replication admits the truth of the plea of title, but sets
up a lease; the defendant rejoins by shewing that notwith-
standing the lease, he had a right to enter. The lease con-
tained a reservation of this right. The confusion, if any ex-
ists as to the pleadings in this case, is attributable, I think, to
a want of care in discriminating between a reservation of a
right to enter and the acquisition of it as a distinct thing. If
the entry had been by virtue of a license or permission, the
defendant should have pleaded that in the first instance. It
could not have any connection with his former title. It would
be a distinct acquisition, and the exhibition of his former title
would give no strength to a right derived from a license or
permission to enter from one having the power to grant such
licence or permission. The reservation is no new acquisition
of a right, but is a part of the whole title stated in in the plea
and can in no sense be regarded as a matter foreign to that
contained in it.

But it is urged that the whole matter contained in both the
plea and the rejoinder should have been included in one
pleading. I will not say that a plea stating the whole matter

might not have been good. If that could have been done, the not denying it does not prove absolutely that the pleading on the part of the defendant is defective. There may be, and I think there was in this case, a choice in the manner of arriving at a particular issue.

Besides; the defendant having the absolute title to the premises, and never having parted with the right he thereby had to enter thereon, for the purpose for which he declares he did enter, might well conclude that it was enough for him to shew his general title, and that it would be improper to detail any modifications of his rights under that title, provided those modifications did not divest him of the authority to do what the plaintiffs charge as a trespass. He could not foresee, or at least the law did not require him to foresee, that the plaintiffs would question his right as owner to enter upon the premises by setting up a lease which contained the express reservation of such a right. But when they did set up the lease, without the reservation, what was the defendant to do? Take issue upon the fact of a lease? That would have been found against him. The replication does not profess to set forth the whole lease, but only a lease from the defendant, by which the plaintiffs were permitted to enter upon and enjoy the premises; and if one containing (besides what they had stated it did contain) the reservation mentioned in the rejoinder was proved on the trial of the issue, that would not have constituted a fatal variance.

The case of *Fisher* v. *Pimbley*, (11 East, 188,) is believed to be like the present in principle. The action was on a bond conditioned to perform an award; the defendant pleaded no award; the plaintiff replied an award, setting it forth; the defendant rejoined by showing the submission, &c. by which it appeared that the award set forth by the plaintiff was not according to the submission. To this rejoinder there was a demurrer by the plaintiff, who insisted that it was a departure from the plea; but the court ruled otherwise. In the case referred to, the plaintiff set out an award, but he omitted to set out the submission by which that award was shewn to be invalid. The defendant set out the whole matter, which shewed that the award pleaded by the plaintiff was

in fact not a valid award, and this rejoinder was held to be no departure. Here the plaintiffs reply to the plea of title a lease, but omit to show parts of it by which the defendant has reserved the right to enter for certain purposes. The defendant rejoins showing this right. To my apprehension the cases are similar in principle. The same ojection that is urged against the defendant's pleading in this case might, with equal plausibility, have been urged against the defendant's pleadings in the case of *Fisher* v. *Pimbley*. The defendant might, when he pleaded no award, have set out the whole matter, and shewed that what the plaintiff pleaded as an award was void as such; and I think there would have been quite as much propriety in exacting this of him as there would be to exact of the defendant here to set forth in his plea, in addition to his title, his lease to the plaintiffs, and the reservation therein of his right to enter on the premises.

There is another objection to the deficiency of the defence set forth in the defendant's pleadings in this case which has not been satisfactorily removed. His plea justifies the entry under a reservation of a right and privilege to enter and continue on the premises at reasonable times, to examine them and to make such necessary repairs and alterations as he should deem requisite. There is nothing in this reservation to justify any act not necessary to the exercise of the reserved right; nothing to excuse the breaking down, carrying away and destroying the fence enclosing the premises; nothing to justify a conversion of the fence to his own use. These trespasses are distinctly charged in the declaration as substantive acts of grievance, as the gist of the action, and not as mere matter of aggravation; the defendant was therefore called upon to deny or excuse them. This he has not done. To a trespass for breaking and entering a close, and with cattle eating up the grass, a justification which is good for the breaking and entering is bad as to the trespass with the cattle. (1 Saund. 27.) Every plea must answer the whole declaration or count, (5 T. R. 553.) *Coke* says, that whenever any special or substantial fact is alleged by either party, it ought to be specially answered, and not to be passed over by a general pleading. (Co. Litt. 303, b.) It appears

to me that the defendant has passed over the trespasses above mentioned without answering to them. The plea is broad enough to cover the whole charged in the declaration, but the rejoinder contracts the defence to a mere right of entry to examine the premises and make needful an proper repairs. The legitimate exercise of such right could never lead to the prostration and destruction of the fence, and exposing the premises to the intrusion of cattle, or to an appropriation of the fence to the use of the defendant. A justification, good as to a part only of the trespasses complained of in the declaration, is bad as a whole if it professes to answer the whole. (1 Salk. 179. 1 Ld. Raym. 231, 1 Saund. 28, note 3.)

The part of the declaration which relates to the destruction and conversion of the fence is *material*, and constitutes the gist of the action. The defendant, though he undertook to make out a replication to the whole declaration, has not fully answered it. The court below, therefore, ought for that reason to have given judgment against him on the demurrer·