ARTHUR T. WHITE, Appellant, *v.* LEWIS MEALIO et al.,
Respondents.

(Argued September 22, 1875; decided October 5, 1875.)

THIS was an action to recover damages for an alleged wrongful entry upon plaintiff's premises and interference with his business.

The premises in question were leased by plaintiff of defendants. The lease contained a clause to the effect that the lessor would permit the lessees to enter the premises at reasonable hours in the day time to examine, or to make such repairs and alterations therein as should be necessary for the preservation of the building.

The evidence tended to show that a contractor came upon the premises for the purpose of cutting holes through the walls to put in needles or large pieces of wood to shore up the building to prevent injury from an excavation on the lot adjoining; that plaintiff forbade it; that he then saw one of the defendants, who agreed to allow plaintiff one-quarter's rent, if he would permit the work, that it would not be required for over two weeks, and that if it took longer, he would make it right; thereupon plaintiff consented. Large holes were cut through the walls, leaving the premises in an exposed condition, so that plaintiff could not occupy them for his business; that they were left in that condition for about eight weeks. At the close of plaintiff's evidence, defendants moved for a nonsuit, which was granted. *Held*, error ; that without evidence showing that the work was necessary for the preservation of the building, and that the time employed was not unreasonable, the case was not brought within the terms of the lease ; and that, in any event, plaintiff having questioned the right, and claimed that the work was unauthorized, and defendants having assented to this claim, and, as a compromise, having agreed to allow certain damages, this agreement was binding, and plaintiff was entitled to recover that much at least. (*Palmer* v. *North*, 35 Barb., 282 ; *Brown* v. *Rich*, 40 id., 28 ; *Scott* v. *Warren*, 2 Lans., 49.)

*Samuel Hand* for the appellant.

*E. F. Brown* for the respondents.

MILLER, J., reads for reversal and new trial.

All concur; FOLGER and ANDREWS, JJ., concurring in result.

Judgment reversed.