THE HUDSON RIVER TELEPHONE COMPANY, Respondent, *v.* THE WATERVLIET TURNPIKE AND RAILROAD COMPANY, Appellant.

An order of General Term affirming an order granting an injunction *pendente lite*, is not reviewable here, except where it plainly appears on the face of the complaint that the case is one in which by settled adjudication the plaintiff upon the facts stated is not entitled to final relief. In all other cases the granting of the order rests in the sound discretion of the court of original jurisdiction, subject only to review by the General Term.

(Argued April 30, 1890; decided June 3; 1890.)

APPEAL from order of the General Term of the Supreme Court in the third judicial department, entered upon an order made February 24, 1890, continuing for thirty days an injunction granted by the Special Term, and imposing as a condition of the vacating of said injunction that defendant should give a stipulation as prescribed.

The facts, so far as material, are stated in the opinion.

*Matthew Hale* and *Marcus T. Hun* for appellant. The order continuing the injunction is reviewable in this court. (*McHenry* v. *Jewett,* 90 N. Y. 58; *Anderson* v. *Anderson,* 112 id. 104.) The defendant is prior in the time of acquiring its right to use electricity upon its system and prior in equity to the plaintiff. (Laws of 1862, chap. 233; 1 Morawetz on Corp. 66, § 365; *In re City of Buffalo,* 68 N. Y. 167, 172; *Mayor, etc.,* v. *N. R. Co.,* 4 El. & Bl. 433; *H., etc., R. R. Co.* v. *City of Philadelphia,* 89 Penn. St. 210; *Fowler* v. *Pratt,* 11 Vt. 369; *Whipple* v. *Walpole,* 10 N. H. 133; *Bruce* v. *D. & H. C. Co.,* 19 Barb. 371; *Selden* v. *D. & H. C. Co.,* 24 id. 362; 29 N. Y. 641; *Johnson* v. *U. W. W. Co.,* 67 Barb. 415; *In re K. C. E. R. Co.,* 105 N. Y. 97, 114, 115.) Chapter 531 of the Laws of 1889, relating to the assent of the railroad commission to the use of electricity by a street surface railway company, has no application to this railroad. (Laws of 1884, chap. 252, § 18; *N. Y. C. Co.* v. *Mayor, etc.,* 104 N. Y. 1, 10.) The general telegraph act does not authorize poles, etc., to be put in city streets. (*In re Lexington Ave.,* 29 Hun, 303; *In re Woolsey,* 95 N. Y. 135; Laws of 1848, chap. 37, § 18; Laws of 1873, chap. 737, § 2; Laws of 1850, chap. 140, § 28; Laws of 1854, chap. 140, § 2; Laws of 1879, chap. 397, § 1; Laws of 1881, chap. 483, §1.) The general telegraph act confers no exclusive franchises. (Laws of 1848, chap. 265, § 7; Laws of 1870, chap. 491; Laws of 1884, chap. 534, § 4.) The injury is too intangible and too undefined to support a cause of action. (*S. W. Co.* v. *City of Syracuse,* 116 N. Y. 167; *Charles River Bridge Case,* 11 Pet. 420; *L. W. Co.'s Appeal,* 102 Penn. St. 515, 528; *T. Co.* v. *State,* 3 Wall. 210, 213.) If the plaintiff had any right to introduce its telephone system into the territory already occupied by the defendant, such right was subsequent in time, and subordinate in law, to the rights claimed by the defendant. (Laws of 1848, chap. 265, § 5; *Story* v. *M. E. R. Co.,* 90 N. Y. 122; *People* v. *Kerr,* 27 id. 188; *Mahady* v. *B. R. R. Co.,* 91 id. 148, 153; *M. T. & T. Co.* v. *C. T. Co.,* 18 J. & S. 488; *Sheldon* v. *W. U. T. Co.,* 51 Hun, 591; *Blanchard* v. *W. U. T. Co.,* 60 N. Y. 510;

*H. B. R. R. Co.* v. *B. R. R. Co.*, 41 Hun, 553; *In re City of Buffalo*, 68 N. Y. 167, 173, 174.) The use of an electric current by the defendant, in the movement of its cars, does not constitute a nuisance. (Laws of 1889, chap. 531.) The plaintiff has acquired no rights in the air or soil which authorize the maintenance of this action. (*Owen* v. *Henman*, 1 W. & S. 548–550; *Mainwaring* v. *Giles*, 5 B. & Ald. 354; 7 E. C. L. 198.) The rights claimed by the telephone company, viz., " an exclusive franchise," the legislature is forbidden by the Constitution to give. (Const. N. Y. art. 3, § 18.) The owners of the land affected can alone sue. (*Stewart* v. *M. E. Co.*, 21 N. Y. S. R. 472; *Wager* v. *T. U. R. R. Co.*, 25 N. Y. 526; *Lahr* v. *M. E. R. Co.*, 104 id. 291; *English* v. *Brennan*, 60 id. 609; *Hussner* v. *B. C. R. R. Co.*, 114 id. 433; *Sheldon* v. *W. U. T. Co.*, 51 Hun, 591, 592; *M. T. & T. Co.* v. *C. L. Co.*, 18 J. & S. 488.) The injury complained of by the plaintiff is *damnum absque injuria*. (*Lansing* v. *Smith*, 8 Cow. 149; *Gould* v. *H. R. R. R. Co.*, 6 N. Y. 522; *Radcliff* v. *Mayor, etc.*, 4 id. 195; *Uline* v. *N. Y. C. & H. R. R. R. Co.*, 101 id. 98–107; *Rex* v. *Pease*, 4 B. & Ad. 30–42; *H., etc., R. Co.* v. *Brand*, L. R. [4 E. & I. App.] 171.) There exists no liability whatever on the part of the defendant to the plaintiff. (*Haldeman* v. *Bruckhart*, 9 Wright, 517; 45 Penn. St. 519; *Brand* v. *H. & C. R. Co.*, L. R. [2 Q. B.] 247; *Platt* v. *Johnson*, 15 Johns. 217; Gould on Waters, § 280; *Delhi* v. *Youman*, 45 N. Y. 362; *Bliss* v. *Greeley*, 45 id. 671; *Bloodgood* v. *Ayers*, 108 id. 400–407; *Barkley* v. *Wilcox*, 86 id. 140; *Acton* v. *Blundel*, 12 M. & W. 324; *Chasemore* v. *Richards*, 7 H. L. Cas. 349; *Wheatley* v. *Baugh*, 25 Penn. St. 528; *Hoy* v. *Sterritt*, 2 Watts, 330.)

*D. Cady Herrick* for respondent. An appeal to this court from an order granting an injunction *pendente lite* is practically a demurrer to the plaintiff's complaint; no facts outside the complaint will be considered, and the facts stated in the complaint will be taken as established. (*Hatch* v. *W. U. T. Co.*, 93 N. Y. 640.) The plaintiff is lawfully in possession of

its lines and of such land as is necessary to be used in operating its lines. (Laws of 1853, chap. 471; *People* v. *M. T. Co.*, 31 Hun, 596; *C. & P. T. Co.* v. *B. & O. T. Co.*, 7 At. Rep. 809; 66 Md. 399; *W. T. Co.* v. *City of Oshkosh*, 62 Wis. 32; *Atty.-Gen.* v. *E. T. Co.*, L. R. [6 Q. B. Div.] 244; 49 Moak's Eng. Rep. 602; 1 Waterman on Corp. § 174; Taylor on Law Corp. § 470; Lewis on Em. Domain, § 130; Morawetz on Pri. Corp. §460; *People* v. *O'Brien*, 111 N. Y. 1.) Lands or property held by a corporation for a public use cannot be taken by another corporation for an inconsistent use. (*In re City of Buffalo*, 68 N. Y. 167; *In re N. Y., L. E. & W. R. R. Co.*, 99 id. 12–23; *P. T. Co.* v. *H. R. T. Co.*, 19 Abb. [N. C.] 466; *Story Case*, 90 N. Y. 122; *Lahr* v. *M. E. R. Co.*, 104 id. 268; *Abendroth* v. *M. R. Co.*, 19 Abb. [N. C.] 247; *Dusenberry* v. *M. T. Co.*, 11 id. 440; *Pond Case*, 112 N. Y. 188.) The so-called franchise of the defendant to erect poles and string wires therefrom, and operate its road by electricity, is invalid, and gives it no right to operate its cars through the city of Albany by electricity. (Laws of 1884, chap. 252; Laws of 1889, chap. 531; *Davis* v. *Mayor, etc.*, 14 N. Y. 506–515; *Mayor, etc.*, v. *Root*, 8 Md. 95; 63 Am. Dec. 692; *Brown* v. *Pendergast*, 7 Allen, 427; *People* v. *U. Ins. Co.*, 15 Johns. 380, 381; *Jackson* v. *Collins*, 3 Cow. 89; *Holmes* v. *Carley*, 31 N. Y. 290; *Hoyle* v. *P. & M. R. R. Co.*, 54 id. 332; *People* v. *Lacombe*, 99 id. 49; *Delafield* v. *Brady*, 108 id. 524–529; *People* v. *Comrs., etc.*, 95 id. 558, 559; *Riggs* v. *Palmer*, 115 id. 506–510; 112 id. 399; *People* v. *Thompson*, 98 id. 6.) The defendant must so use its property as not to injure others. (*Heig* v. *Licht*, 80 N. Y. 579, 582; *Hay* v. *C. Co.*, 12 id. 159, 161; *Bier* v. *Cooke*, 37 Hun, 38, 40; *Prentice* v. *Geiger*, 74 N. Y. 341–345; *Chapman* v. *City of Rochester*, 110 id. 273–277; *Cook* v. *Forbes*, L. R. [5 Eq. Cas.] 166; *Barrick* v. *Schifferdecker*, 48 Hun, 355–359; *Reinhardt* v. *Mentasts*, L. R. [41 Ch. Div.] 685.) The one that uses or produces the dangerous element must also furnish the safeguards. (Cooley on Torts, 337; *Muller* v. *McKisson*, 73 N. Y. 195; *Lynch* v. *McNally*,

Id. 347; *Barrick* v. *Schifferdecker*, 48 Hun, 359; *F. Co.* v. *Hyde Park*, 97 U. S. 659; *Campbell* v. *Seaman*, 63 N. Y. 568; Wood's Law of Nuisances, 116, 117; *Tenant* v. *Goodwin*, 1 Salk. 360.)  When the defendant received its license from the city to operate its road by electricity, it impliedly agreed to operate it in such a way as not to affect the rights of others.  (*Village of Port Jervis* v. *Bank*, 96 N. Y. 557; *Mairs* v. *M. R. E. A. Co.*, 89 id. 498–505; *Reed* v. *State*, 108 id. 407–412; *Village* v. *Bank*, 96 id. 557; *Cogswell* v. *N. Y., N. H. & H. R. R. Co.*, 103 id. 10; *B. & P. R. R. Co.* v. *F. B. Church*, 108 U. S. 317.)  Neither any law nor the franchise granted by the common council, authorizing the defendant to use electricity, prescribes the mode of using it, or the system to be adopted.  (Wood on Nuisances, §§ 755, 784, 785; *Weidman* v. *N. Y. E. R. R. Co.*, 114 N. Y. 462.)  It is no defense to say that the plaintiff's lines are so established that they facilitate the injury.  (*Cook* v. *C. T. Co.*, 1 Den. 91; *Tiero* v. *B. & S. L. R. R. Co.*, 22 N. Y. 209; *Kellogg* v. *C. & N. W. R. Co.*, 26 Wis. 223.)  The plaintiff being first in possession is first in law and equity.  (Pom. Eq. Juris.; Laws of 1853, chap. 471; *L. S. & M. S. R. Co.* v. *N. Y. C. & S. L. R. Co.*, 8 Fed. Rep. 858; *Packer* v. *P. R. R. Co.*, 19 Penn. St. 211.)  The injury to the plaintiff is irreparable.  (Wood's Law of Nuisances, § 770; *Commonwealth* v. *P., etc., R. R. Co.*, 24 Penn. St. 159; Gould on Waters, § 508.)  The plaintiff is entitled to an injunction.  (*McKeon* v. *Lee*, 4 Robt. 449–468; *P. G. Co.* v. *C. G. Co.*, 89 N. Y. 497; *U. S.* v. *Duluth*, 1 Dillon, 469; *Story Case*, 90 N. Y. 122, 179; *Tracy* v. *T. & L. R. Co.*, 7 N. Y. Supp. 892–895.)

ANDREWS, J.  We cannot entertain the appeal without disregarding a long line of decisions in this court holding that the granting of an injunction *pendente lite* rests in the sound discretion of the court of original jurisdiction, and that this discretion is reviewable only by the General Term. There is an exception to this rule "where," as we said in *Williams* v. *W. U. T. Co.* (93 N. Y. 640), "it plainly appears

on the face of the complaint that the case is one in which, by settled adjudication, the plaintiff, upon the facts stated, is not entitled to final relief," and the appeal to this court is from an order affirming an order granting the injunction.

The plaintiff is a telephone company organized under the general act (Chap. 265, Laws of 1848) "for the incorporation and regulation of telegraph companies," and the acts amendatory thereof. By the fifth section of the original act, and the act, chapter 471 of the Laws of 1853, telegraph companies organized under these statutes are authorized to erect and construct, from time to time, the necessary fixtures for their telegraph lines, "upon, over or under any of the public roads, streets and highways" within this state, but subject to the restriction that "they shall not be so constructed as to incommode the public use of said roads or highways." The plaintiff, claiming to be a telegraph company within the meaning of the act of 1848, in the year 1883 (the year of its incorporation) erected upon Broadway, in the city of Albany, poles for its wires, and perfected its system of telephone communication, using the wires strung upon said poles for the transmission of the current of electricity required in telephone communication, and has ever since continued such use. The defendant was originally incorporated by chapter 141 of the Laws of 1828 as a turnpike company, with power to construct a turnpike road between Albany and West Troy. It constructed its turnpike road under said act between the points named. By chapter 233 of the Laws of 1862, it was authorized to construct and maintain railroad tracks over its turnpike road, and to extend the same into and through the villages of West Troy and Cohoes and the town of Watervliet, and also "with the consent and with such restrictions as may be deemed proper by the common council of the city of Albany, to extend and maintain such railroad track or tracks and ways from the southerly termination of said turnpike road in and through Broadway, in said city to South Ferry street." By the fourth section of the act the defendant was authorized to operate such road "by the power of horses, animals, or any mechanical

or other power, or the combination of them, which the said company may choose to employ, except the force of steam." Soon after the passage of the act of 1862, the defendant, pursuant to the act, changed its corporate name to the present one, and, having obtained the written consent of the common council of the city of Albany to lay a track or tracks for a horse railroad in Broadway, constructed and, until 1889, operated a horse railroad upon its turnpike road and through Broadway to South Ferry street in the city of Albany.

In 1889, the defendant, proposing to substitute electricity in place of horse power for the movement of its cars, applied for and obtained the consent of the common council of the city of Albany to erect posts in Broadway and to string wires thereon, and to operate its cars through that street to South Ferry street " by means of electric motors." The defendant thereupon made the necessary changes required for the operation of its road by electricity under what is known as the single trolley system. It erected a power-house on the line of the Troy road, and posts in and along Broadway and the line of the turnpike road, and strung the necessary wires, and, prior to the commencement of this action, the road had been put in successful operation, under the new system, from its northern terminus to near the south line of the city of Albany, a distance of several miles. The defendant, having completed its structure, was about to commence running its cars by electricity on Broadway, when the injunction order in this action was issued. The object of the action is to obtain a final injunction restraining the defendant from using the single trolley electric system in the operation of its road on Broadway. It appears with reasonable certainty from the complaint and affidavits used on the motion for the injunction, that the operation of the defendant's road by the single trolley system, will result in serious disturbance of the telephone service. It is sufficient for the present purpose to state that this apprehended disturbance will arise in two ways: First, by the earth distribution of the current of electricity conveyed by the trolley wire suspended over the road of the defendant and the attachment to

the motor on the defendant's cars, and thence discharged onto the rails and track, which discharged current will in part find its way through the earth to any neighboring conductors of electricity, including the wires used by the defendant for the earth or ground circuit of the telephone system; and, second, by what is called induction, that is by inducing on the telephone wire currents of electricity corresponding in variation with the variable currents used on the trolley wire. The effect of each of these causes, as appears by the testimony of the electrical experts, is to confuse and drown the minute current used in the telephone service, and prevent or greatly interfere with communication by telephone. The complaint is based on the theory that such an interference by the defendant in the use of the single trolley system violates the chartered rights of the plaintiff, and is an unlawful invasion of its property and privileges. The complaint sets forth that the system adopted by the defendant is not properly constructed, so as to protect the plaintiff from injury, and that there are other systems of operating roads by electricity, "by which the defendant can operate its road without affecting the plaintiff, its plant, equipment or service in any material degree, and with safety to the public." But it is not alleged that the system used by the defendant is not a proper and suitable one for its own purposes, nor that in its construction the defendant has omitted any precaution which might have been taken for the protection of the plaintiff.

The evidence strongly preponderates in support of the contention of the defendant that the single trolley system for the propulsion of street cars by electricity is the best in use, "having regard to mechanical, electrical and financial considerations." (Op. LANDON, J., General Term.)

The use of a grounded circuit is not necessary to a telephone system. The substitution of a metallic circuit is such as is used on long distance telephone lines will, it is admitted, prevent any material disturbance from the operation of the defendant's road by the single trolley system. There is no dispute that the substitution by the plaintiff of the metallic for the earth circuit

is practicable, but the change would involve a large outlay, and on the other hand the testimony of the experts is, that beside obviating the disturbance caused by defendant's road, the change would promote the general efficiency of the telephone service.

It is sufficiently obvious from this summary statement that the question presented in this case involves very important public and private interests. The plaintiff is but one of a large number of telephone companies which, under the general permission of the statute for the incorporation of telegraph companies, have erected poles and strung their wires in the streets of the cities and villages of the state. The claim that under this permissory grant they can exclude the use of the streets by electric railways, or for other street purposes requiring the use of electricity wherever the use of this agent interferes with the use of the telephone, although the municipality may consent and the public interest will be promoted by the other uses to which the streets are sought to be subjected, needs but to be stated to induce hesitation.

We have examined with care the questions involved in this case, and we are compelled to say that we entertain very grave doubts whether upon the facts stated in the complaint and affidavits, any cause of action exists in favor of the plaintiff, and whether the plaintiff had any remedy for the injury of which it complains, except through a readjustment of its methods to meet the new condition created by the use of electricity by the defendant under the system it has adopted. But we think we ought not to dispose of the case upon its merits in this proceeding. The questions are new and difficult, and courts elsewhere have differed upon them. The trial of the case upon the merits is now proceeding, wherein the facts will be judicially ascertained, and in case an appeal shall be taken upon the final judgment rendered to this court, we shall then be better able than now to determine the ultimate rights of the parties.

The present appeal should, therefore, be dismissed.

All concur, except FINCH and PECKHAM, JJ, dissenting, on the ground that the complaint states no cause of action.

Appeal dismissed.