CITY OF GLOVERSVILLE v. JOHNSTOWN, G. & K. HORSE R. CO. et al.

(Supreme Court, General Term, Third Department.   November 22, 1892.)

1. INJUNCTION PENDENTE LITE—REVIEW ON APPEAL.
      The granting or refusing of an injunction pendente lite is usually in the
    sound discretion of the trial court, and its order will not ordinarily be re-
    versed, unless there has been an abuse of that discretion; and the appellate
    court should not exercise its power to review or reverse the order in a doubt-
    ful case, when, if the injunction is vacated, defendant might do acts which
    would render ineffectual a final judgment in plaintiff's favor.

2. SAME—RESTRAINING STREET RAILROAD FROM LAYING TRACKS.
      Where a contract between a city and a street-railroad company reserves to
    the city the supervision of the laying of the tracks, and afterwards the rail-
    road company expressly agrees to lay its tracks in the center of the street as
    a condition of obtaining the city's consent to changing the motive power
    from animal to electricity, the granting of an injunction pendente lite at the
    suit of the city, restraining the company from laying its tracks along the side
    of the street, is not such an abuse of the discretion vested in the special term
    as will justify the general term in reversing the order and vacating the in-
    junction.

Appeal from special term, Fulton county.

Action by the city of Gloversville against the Johnstown, Gloversville
& Kingsboro Horse Railroad Company and another to restrain defendant
from laying its tracks along the side of South Main street in the city of
Gloversville.   From an order continuing an injunction pendente lite re-
straining defendant from so doing, defendant railroad company appeals.
Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

Baker & Burton, for appellant.

Edgar A. Spencer, for respondent.

MAYHAM, P. J.   The defendant was incorporated by chapter 255
of the Laws of 1874.   Section 3 of that chapter provides that "the said
railroad company is hereby prohibited from using steam as a motive
power on said railroad, or from transporting or conveying freight thereon,
and is hereby restricted to the business of taking and conveying persons
or passengers over said railroad in street-railroad cars by the power or
force of animals."   On the 26th of April, 1892, the relator and the rail-
road company entered into an agreement in writing, whereby the relator
granted the defendant the right and privilege to use electricity as the
motive power for the propulsion of its cars; but it is insisted that one
of the conditions of the relator's consent was that the defendant should
remove the location of its tracks in the street of the relator to the middle
of Main street, through which the route of the railroad track was con-
structed; and the relator charges in the complaint, and seeks to establish
on the motion for an injunction, and in resisting the application of the
defendant for its discharge, that the defendant is about adopting elec-
tricity as a motive power without so changing the location of its track,
and that such change from animal power to that of electricity, without
such change of the location of its route, will work irreparable injury to
the relator.

The granting or refusing of an injunction pendente lite is usually in the sound discretion of the court of original jurisdiction, and the order of the special term will not ordinarily be reviewed, without there has been an abuse of that discretion; and, while it is true that the general term has the power to review and reverse the order of the special term in a case of this character, that power should not be exercised in a doubtful case, when, if the injunction is vacated, the defendant might do acts which would render the final judgment ineffectual, if it should be finally held that the plaintiff is entitled to the relief sought in the action.  By the terms of the relator's consent in the contract of July 5, 1883, the defendant was only authorized to lay its railroad tracks under the supervision of the trustees of the village, and in the manner to be approved by them: and it would seem that all the subsequent acts of the parties have been conducted with reference to that reserved right in the village to which by the charter the city on its incorporation succeeded.  By the fourth clause of the contract between the parties, by which it was agreed that the motive power to be used by the defendant for the propulsion of its cars should be changed from animal to electricity, it is provided that "nothing herein contained is intended to, or shall be held to, impair, modify, or construe any right or privilege or claim of either party, except as above expressly provided or contained, and nothing shall be construed as acknowledging on the part of the city that said railroad company may lawfully build or maintain its road upon the side of the street."  Without discussing all the questions raised in this case and discussed on this appeal, we think we have gone far enough to show that the granting of this injunction was not an improper exercise of the discretion of the judge by whom the order to show cause was granted, and that, the special term of this court, by which the preliminary injunction appealed from was granted, being a court of original jurisdiction, vested with the exercise of a sound judicial discretion in granting or refusing injunctions pendente lite, did not so far exceed the just exercise of its discretion as to justify this court, on appeal, in reversing the order, and vacating the injunction.  Van Dewater v. Kelsey, 1 N. Y. 233; Paul v. Munger, 47 N. Y. 469; Calkin v. Oil Co., 65 N. Y. 557; Hudson River Tel. Co. v. Watervliet Turnpike & R. Co., 121 N. Y. 397, 24 N. E. Rep. 832.  Order for preliminary injunction affirmed, with $10 costs and printing disbursements.  All concur.