(82 Hun, 199.)

### HESLER v. SHAFER.

(Supreme Court, General Term, Fourth Department. December 7, 1894.)

TEMPORARY INJUNCTION—MERITS OF ACTION.

An order setting aside a temporary injunction on conflicting affidavits will not be disturbed on appeal, where the right to the injunction depends on the construction of a contract between parties, but that question will be reserved until trial of the action.

Appeal from special term, Onondaga county.

Action by Holister E. Hesler against C. Frederick Shafer. From an order vacating an injunction in part, plaintiff appeals. Affirmed.

The order appealed from set aside an injunction order "so far as to permit the defendant to construct two additional stories of brick on the one-story building or buildings heretofore constructed by Hesler & Shafer in the rear of the three-story building on the corner of North Salina and Butternut streets, in the city of Syracuse, now owned by defendant, the north wall of

said building so carried up two stories not to extend further north than the south wall of said three-story building, said defendant, in said construction, to keep and maintain the sign of plaintiff on the Butternut street side of the premises, leased by defendant to him, on the wall of said premises above the entrance to said premises from Butternut street, and not to disturb the same more than is necessary to remove said wooden cornice or extension on the top of said brick wall for fronting Butternut street, and not to unreasonably interfere with business of plaintiff during such construction, on condition that the defendant give a bond and undertaking in the sum of $3,000, with sureties, to be approved by said justice, for the payment to plaintiff, on demand, of any damages which he may be entitled to recover against defendant by reason of said alterations and improvements, and, as to the building or construction of additional stories or· construction on any other premises than those above described, said injunction to remain in force pending the determination of this action, and in other respects to be vacated and set aside.

Argued before HARDIN, P. J., and MARTIN and MERWIN, JJ.

Homer Weston, for appellant.

Ide & Ryan, for respondent.

HARDIN, P. J.    Plaintiff, in January, 1894, took from defendant, the owner, a lease of certain premises described in the complaint. In the lease was a reservation in the following words:

"That he will permit the landlord or his agents to enter said premises at all reasonable hours, to examine or make such repairs and alterations therein as shall be necessary, or as he may consider important, for the preservation and improvement thereof."

Plaintiff insists that the acts which the modification in the injunction permits exceed the privilege conferred by the clause in the lease, and contends that the premises need no repairs or alterations for the benefit of the plaintiff or his business; and his contention in that respect seems to be borne out, to some extent, by the cases of Dutton v. Holden, 4 Wend. 643, and White v. Mealio, 63 N. Y. 609.    On the contrary, the defendant contends that the words of the lease permitting alterations in the premises, such as the landlord may "consider important for the preservation or improvement thereof," authorizes the additions and improvements contemplated by the defendant, and mentioned in the qualified language of the order from which the appeal is taken, and that the defendant, by virtue of the language, is authorized to make such alterations "for the preservation and improvement thereof," to wit, the premises, "as he may consider important."    To support the contention of either party, numerous affidavits were produced at the special term by the respective parties; and an examination of the affidavits reveals a stubborn conflict in respect to the evidence either side has deemed essential to aid in the construction of the language used in the lease.    It is not improbable that the special term was in doubt as to what facts were established which legitimately bore upon the proper construction to be given to the language of the lease.    The same difficulty confronts us when we attempt to resort to the facts and circumstances preceding and attending the execution of the lease and the subsequent acts of the parties thereunder.    It is believed a more satisfactory determination of the proper construction to be given to the language used by the parties can be reached after the testimony

shall be given upon the trial of the action.    We may therefore forbear to pronounce absolute construction of the instrument upon this appeal.

In Hudson River Tel. Co. v. Watervliet Turnpike & R. Co., 121 N. Y. 405, 24 N. E. 832, the court, after alluding to the conflict in the affidavits therein under consideration relating to an injunction, observed that upon the trial "the facts will be judicially ascertained, and, in case an appeal shall be taken upon the final judgment rendered to this court, we shall then be better able than now to determine the ultimate rights of the parties.    Following the views thus expressed, the court allowed the action of the special term to remain undisturbed, as in that case a condition had been annexed to the order.

In City of Gloversville v. Johnstown, G. & K. H. R. Co. (Sup.) 21 N. Y. Supp. 146, it was held:

"The granting or refusing of an injunction pendente lite rests in the sound discretion of the court of original jurisdiction, and its order will not ordinarily be reviewed unless there has been an abuse of that discretion."

In Benedict v. Railway Co., 6 N. Y. St. Rep. 548, this court held, viz.:

"When a plaintiff is not entitled to an injunction on the pleadings, as a matter of law, and all the allegations in the complaint are positively denied in the answer, the general rule is that an injunction pending the litigation will not be granted, or, if granted, will not be continued."

Section 629 of the Code of Civil Procedure provides for an application being heard to vacate or modify an injunction order, and contains the following language:

"Upon such hearing, the court or judge may, where the alleged wrong or injury is not irreparable, and is capable of being adequately compensated for in money, vacate the injunction order upon the defendant's executing an undertaking in such form and amount and with such sureties as the court or judge shall direct, conditioned to indemnify the plaintiff against any loss sustained by reason of vacating such injunction order."

In Chamberlin v. Railroad Co., 31 Hun, 339, it was said that:

"Where there is no attempt to meet the plaintiff's case upon its merits, and the defendant seeks to remove the injunction by giving an undertaking, as now provided by the statute, the plaintiff has a right to exact an undertaking from the defendant in full and strict compliance with the statute."

In the case before us no complaint is made by the appellant of the form or adequacy of the undertaking provided for in the order appealed from.    As we·recall the great conflict in the affidavits used at the special term and the language found in the written instrument executed by the parties in respect to the premises in question, we are not inclined to say that the action of the special term was "an improper exercise of the discretion of the judge," or that the court "so far exceeded the just exercise of its discretion as to justify this court, on appeal, in reversing the order and vacating the injunction."    City of Gloversville v. Johnstown, G. & K. H. R. Co., supra.

The foregoing views lead to an affirmance of the action of the special term.    Order affirmed, with $10 costs and disbursements.    All concur.