The judgment and order should be affirmed, with costs.

All concurred.

Judgment and order affirmed, with costs.

---

WARSAW WATER WORKS COMPANY, Appellant, *v.* THE VILLAGE OF WARSAW and Others, Respondents.

*Equity — issues in an action will not be determined upon affidavits — effect upon an injunction of a denial of all the equities of the complaint.*

Where the questions involved in an equitable action cannot be satisfactorily decided until the issues of fact have been tried, the court will not attempt to settle the ultimate rights of the litigants upon affidavits.

Where all the equities of the complaint are denied in the answer, a temporary injunction will not be continued where the plaintiff's right to the relief sought is not clearly established.

APPEAL by the plaintiff, the Warsaw Water Works Company, from an order of the Supreme Court, made at the Erie Special Term and entered in the office of the clerk of the county of

Wyoming on the 14th day of December, 1895, vacating a temporary injunction theretofore granted in the action.

The complaint in this action alleged that the plaintiff was a domestic corporation existing by virtue of chapter 394 of the Laws of 1869, incorporated for the purpose of supplying water to the defendant, The Village of Warsaw; and had constructed water works, etc., and been engaged in supplying water to the village and the inhabitants thereof; that after its incorporation, and on the 29th day of April, 1875, the Legislature of the State of New York passed an act entitled "An act to authorize villages of the State of New York to furnish pure and wholesome water to the inhabitants thereof," constituting chapter 181 of the Laws of 1875, and that under the said act the defendants alleged and claimed that they were authorized, after having constituted themselves water commissioners for the village of Warsaw as therein provided, to construct a system of water works for said village paralleling the plaintiff's mains and to have the right and authority to remove the hydrants that had been attached to the mains of the plaintiff, and that the defendants refused to negotiate for the purchase of the plaintiff's works or to purchase or acquire the same by condemnation.

*Eugene M. Bartlett*, for the appellant.

*I. Sam Johnson* and *Adelbert Moot*, for the respondents.

FOLLETT, J.:

On the 17th of November, 1895, a temporary injunction was granted by a justice of this court restraining the defendant "from removing any hydrants from plaintiff's mains, threatening any of its customers with discriminating taxes, or soliciting any of its patrons to disconnect their service pipes from this plaintiff's mains, or disconnecting any such service pipes, or in any manner interfering with this plaintiff's exercise or enjoyment of its rights, privileges and franchises." Upon a motion made at Special Term in December, 1895, this injunction was vacated and the plaintiff appeals to this court.

The questions involved in this action cannot be satisfactorily decided until the issues of fact have been tried and determined, and we ought not and will not attempt to define and settle the ultimate rights of the litigants on affidavits, and, without expressing any

opinion upon the questions involved further than to say that the rights asserted by the plaintiff, as the foundation for the relief sought, are not so clearly established in the affidavits as to authorize this court to restore and continue the injunction *pendente lite.* ·

It is conceded that the hydrants which were purchased by the defendants and attached to the plaintiff's line of water pipes have been removed by the defendants, and it not being clearly established that the defendants have threatened, or now threaten, to do any of the things restrained by the original injunction order, it should not be restored. Besides, all of the equities of the complaint are denied in the answer; and in such a case an injunction *pendente lite* will not be continued where the plaintiff's right to the ultimate relief sought is not clearly established.

The order is affirmed, with ten dollars costs and printing disbursements.

All concurred, except WARD, J., not voting.

Order affirmed, with ten dollars costs and disbursements.