(32 Misc. Rep. 376.)

### CHASE v. TRAITEL MARBLE CO.

(Supreme Court, Special Term, New York County. August, 1900.)

LANDLORD AND TENANT—LEASE—CONTRACT FOR STEAM POWER—CONSTRUCTION—INJUNCTION.

Under a lease of premises, with use of steam power for the operation of certain machines therein specified, the lessor will not be entitled to enjoin the use of power by the tenant for the operation of other machines in lieu of those enumerated in the lease, where the substituted machines consume substantially no greater quantity of power than those contracted for, nor have any different effect upon the building.

Action by George Chase against the Traitel Marble Company to enjoin the use of steam power by defendant for operation of certain machines. Motion to continue injunction pendente lite denied.

Hieronimus A. Herold, for the motion.
Geopel & Raegener (Norbert Heinsheimer, of counsel), opposed.

GIEGERICH, J. It by no means clearly appears that the plaintiff has a cause of action based upon the defendant's acts as disclosed. The continuance of the injunction would, I fear, be greatly to the prejudice of the defendant, in view of the fact that the operation of the machinery, alleged to be an invasion of plaintiff's rights, has been open and continuous for the past six months, and important contracts to do work have been made by the defendant in reliance upon the continued operation of the machinery as at present in use. Indeed, so far is the plaintiff from making out a cause of action to the extent required by the rule laid down in Warsaw Waterworks Co. v. Village of Warsaw, 4 App. Div. 509, 40 N. Y. Supp. 28, to entitle him to the relief sought, that it may be said that a good defense is established by the answering affidavits. While these concede that steam power is

being taken from the shaft and used for operating some machines not enumerated in the lease, they also state (which statement is not controverted) that certain machines so enumerated in the lease are not operated, and that the machines substituted in their place consume substantially no greater quantity of power than they would if in use. That a contract for power sufficient to propel a particular amount of machinery relates to the quantity of power, and does not restrict its use to the precise machinery specified, is established by high authority in this state. Cromwell v. Selden, 3 N. Y. 253; Mudge v. Salisbury, 110 N. Y. 413, 18 N. E. 249, and Hall v. Railway Co., 148 N. Y. 432, 42 N. E. 1056, and cases there cited. That the defendant has kept substantially within its contract rights, as thus interpreted, is not denied by the plaintiff. It ought, perhaps, to be added that no claim is made that the running of the substituted machines has any greater or different effect upon the building of the plaintiff than would the running of the machines enumerated but not operated, the complaint being based solely upon the quantity of power consumed.

Motion denied, with $10 costs.