(74 App. Div. 565.)

## SYRACUSE & O. L. ELECTRIC RY. CO. v. SYRACUSE RAPID TRANSIT RY. CO.

(Supreme Court, Appellate Division, Fourth Department. July 8, 1902.)

1. TEMPORARY INJUNCTION—DISCRETION OF COURT—REVIEW ON APPEAL.

Where plaintiff's affidavits and complaint do not establish its right to a temporary injunction, and the answering and replying affidavits are contradictory, challenging the good faith of both parties, an order denying a motion for such injunction will not be disturbed.

Appeal from special term, Onondaga county.

Injunction by the Syracuse & Oneida Lake Electric Railway Company against the Syracuse Rapid Transit Railway Company. From an order denying plaintiff's motion for a temporary injunction, it appeals. Affirmed.

The plaintiff and the defendant the Syracuse Rapid Transit Railway Company are street surface railway corporations, and each is desirous to extend or construct its line of road from the city of Syracuse over what is known as the "Liverpool Plank Road," to a point 1,000 feet south of the village of Liverpool, in the county of Onondaga. This action is brought to perpetually enjoin the defendant corporation from the construction and operation of that part of its road, and incidentally to have annulled and revoked a franchise granted to it by the defendant Crampton as commissioner of highways of the town of Salina. The reasons assigned by the appellant for its contention that the construction of a railway by the respondent upon the Liverpool plank road is illegal are: (1) Because at the time the franchise was granted to the defendant to construct a railroad in the town of Salina it had not filed its extension therefor in that town, and was not authorized by law to construct a railroad therein; (2) because the defendant corporation did not have a lawful right to construct and operate a railroad to the point in the city of Syracuse from which its proposed extensions were filed; and (3) because the necessary consents of property owners had not been procured. Soon after the action was commenced, and prior to the service of any answer therein, a motion was made at special term upon the complaint and affidavits for a temporary injunction, and from the order denying such motion this appeal is brought.

Argued before ADAMS, P. J., and McLENNAN, SPRING, WILLIAMS, and HISCOCK, JJ.

William G. Tracy, for appellant.
C. L. Stone, for respondent.

ADAMS, P. J. The granting or refusing of an injunction pendente lite rests in the sound discretion of the court of original jurisdiction, and the order of that court will not ordinarily be reversed upon appeal unless it is made clearly to appear that there has been an abuse of such discretion. Hessler v. Schafer, 82 Hun, 199, 31 N. Y. Supp. 307; Pratt v. Railroad Co., 90 Hun, 83, 35 N. Y. Supp. 557; Johnston v. Bridge Co., 44 App. Div. 581, 60 N. Y. Supp. 947. It is true that this rule is not inflexible. On the contrary, an appeal from such an order will sometimes be considered where the order virtually disposes of the merits of the controversy; but even in such a case the right of the appellant to the relief sought must be so clear as to enable the court to say with some degree of certainty that the court below erred in granting or refusing it.

Such is not this case, however, for the affidavits read upon the orginal motion, taken in connection with the allegations of the complaint, fall quite short of satisfying us that the plaintiff has established its right to the extraordinary remedy which it seeks to avail itself of in this action.   Indeed, after a careful perusal of the record before us, it is difficult to determine just where the merits of the controversy reside, and in these circumstances we do not feel that the questions involved can be satisfactorily determined until the issues of fact have been decided in the usual manner.   In a very similar case this court held that it ought not and would not attempt to define and settle the ultimate rights of litigants upon affidavits (Warsaw Waterworks Co. v. Village of Warsaw, 4 App. Div. 509, 40 N. Y. Supp. 28.  See, also, Lighting Co. v. Dimmick, 41 App. Div. 596, 58 N. Y. Supp. 682); and such a rule seems especially applicable to the present case, inasmuch as the answering and replying affidavits are decidedly contradictory, and the good faith of both parties is challenged.

The order should be affirmed, with $10 costs and disbursements. All concur.