WYCKOFF AMUSEMENT COMPANY, INC., Respondent, *v.* SAMUEL KAPLAN, etc., and Others, Appellants.

Second Department, May 10, 1918.

Injunction — when preliminary injunction should be modified — acts tending to injury of plaintiff's theatrical business — possibility of immediate trial of issues.

Appeal from an order granting a preliminary injunction restraining the defendants from acts constituting threats, intimidation or fraud, or injury to the person, property or business of the plaintiff and from marching in front of the plaintiff's theatre or gathering in front of it, and from making demonstrations to. the public or prospective patrons of the plaintiff in reference to plaintiff's business. *Held,* that the case presented no cogent reason for trial upon affidavits, especially as the condition of the calendar permits an immediate trial of the issues.

Such acts may be lawful or become unlawful from the fashion of their doing or from the circumstances which surround them.

APPEAL by the defendants, Samuel Kaplan and others, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 19th day of December, 1917 granting a preliminary injunction.

*Robert S. Mullen,* for the appellants.

*Henry Weismann,* for the respondent.

JENKS, P. J.:

There is no cogent reason for trial of this case upon affidavits. As we said in *Mills* v. *United States Printing Co.* (99 App. Div. 605, 608): " It may be that the judgment upon trial will be far different from any preliminary relief which· this record justifies. (See *Warsaw Water Works Co.* v. *Warsaw,* 4 App. Div. 509; *Meyers* v. *City of New York,* 58 id. 534.) "

The order is expressly limited to acts that constitute threats, or intimidation, or fraud, or injury to the person, property or business of the plaintiff, etc. It does not by implication prohibit acts which the law recognizes may be done by the defendants in seeking a successful issue of their differences

with the plaintiff. The same act may be lawful, or be unlawful, from the fashion of its doing or from the circumstances which surround it. (*Mills* v. *United States Printing Co., supra;* 16 R. C. L. §§ 27, 28, 33, and cases cited.)

The clause in the order, " or from marching up and down in front of or about plaintiff's theatre or gathering in front of or in the immediate vicinity of same in meetings or demonstrations of any kind, making speeches or in any manner addressing or approaching the public or prospective patrons of plaintiff in reference to plaintiff's business," should have a limitation similar to that expressed with reference to other acts restrained by the order.

We do not mean that unless the acts named in the order are within the said limitation they are lawful; for they may be so done as to offend sections 43, 2092 and 2094 of the Penal Law, or the ordinances of the city, among them Code of Ordinances, chapter 23, article 3, section 23; chapter 20, article 16, section 312. (See Cosby's Code Ord. [Anno. 1917] pp. 472, 448.)

The condition of the Supreme Court calendar permits virtually an immediate trial of the issues, whether raised by demurrer or by answer. If the defendants are delayed unduly by the plaintiff, then, of course, they can apply to the Special Term for relief.

The order as thus modified is affirmed, without costs.

THOMAS, MILLS, PUTNAM and BLACKMAR, JJ., concurred.

Order modified in accordance with opinion and as so modified affirmed, without costs. Order to be settled on notice before the Presiding Justice.