Rodenbeck, J.
The only clause in the injunction order which is open to misconstruction and which should be clarified by a modification is the 4th paragraph, wherein the order restrains the Amalgamated Clothing Workers of America and its servants, agents, deputies, representatives and coadjutors from interfering with or injuring “ in any way ” the business, property or contracts of the plaintiffs. The language quoted should be amended by striking out “ in any way ’ ’ and substituting in their place the words ‘ ‘ by any of the acts or things herein restrained ” and by inserting after the words “ from preventing or attempting to prevent ” in the same paragraph the words “ by any of the acts or things herein restrained.” The paragraph as it now stands forbids lawful acts of the association and its representatives which may interfere with or injure the plaintiffs which *289 would include the legal right of the former employees of the plaintiffs to strike for the purpose of improving their condition and of their organization to exercise its legal functions to make the strike a success. The vice of the language used in this paragraph is similar to that which occurred in the order in the case of National Protective Association v. Cumming, 170 N. Y. 315, 349, and Wyckoff Amusement Co., Inc. v. Kaplan, 183 App. Div. 205.
The remainder of the order contains no unreasonable or illegal restraints upon the defendants under the circumstances revealed by the affidavits. It cannot be contended that they should not be restrained from ‘ ‘ assaulting, menacing, molesting, threatening, intimidating or annoying by offensive acts or language ” the actual or prospective employees of the plaintiffs as provided in the 1st paragraph or elsewhere in the order. Threats, intimidation, coercion and violence in these cases have always been restrained. The defendants may properly be restrained from doing any act or thing for the “ purpose ” of preventing any person from continuing in the employ of the plaintiffs or from entering their employ as contained in the 1st paragraph. The members of the Amalgamated Clothing Workers may resort to legal means for the purpose of improving their condition, but they cannot combine or act for the purpose of injuring some one else. One of the things aimed at in this part of the paragraph is the design or purpose to injure the plaintiffs which may be restrained. Curran v. Galen, 152 N. Y. 33; Mills v. United States Printing Co., 99 App. Div. 605; Hitchman Coal & Coke Co. v. Mitchell, 245 U. S. 229; Auburn Draying Co. v. Wardell, 227 N. Y. 1; Davis Machine Co. v. Robinson, 41 Misc. Rep. 329; Penal Law, § 580, subd. 5. The defendants may properly be restrained under *290 the facts presented by the affidavits from “ loitering or collecting in bands or companies ” at the entrance of plaintiffs’ factories or on the streets adjacent thereto or at car stops where the employees of ■ the plaintiffs seek transportation and also from interfering in any way with the “ free passage ” of the employees of the plaintiffs as contained in the 2d paragraph. This paragraph does not seek to restrain the defendants except as specified, and any acts which do not come within the language of the paragraph are not forbidden. Mills v. United States Printing Co., supra. The acts sought to be prohibited by this paragraph as described in the affidavits might have been restrained as a breach of the public peace. Penal Law, §§ 32, 2092. The assemblage of the defendants and their sympathizers as described in the affidavits constitutes implied threats, intimidation or coercion sufficient to justify a restraining order. This order is directed not against lawful acts but against a loitering, collecting, parading and marching in such bands, companies or collective numbers described in the complaint and affidavits as constitute coercive measures and which were evidently so designed. The defendants may properly be restrained from calling plaintiffs’ employees “ scabs or other opprobrious names ” and from publishing any statement that the plaintiffs or their employees are opposed to organized labor or are opposed by any labor organization other than the Amalgamated Clothing Workers of America as provided in paragraph 3. The use of abusive, offensive or indecent language toward those who seek to supply the places of the strikers is an improper method of prosecuting a strike, tends to a breach of the peace and will be restrained. The defendants should also be restrained from publishing any false statements in relation to plaintiffs’ attitude toward organized labor *291 or any other statements that are nntrne. The defendants may be restrained from endeavoring to “ persuade ” plaintiffs’ employees to violate or to cause the abrogation or violation of the working contract between the plaintiffs and the United Garment Work* ers of America (Hitchman Coal & Coke Co. v. Mitchell, supra; Third Ave. R. Co. v. Shea, 109 Misc. Rep. 18) and from doing any act or thing “ intended or designed ” to prevent plaintiffs’ employees from carrying on their lawful trades and occupations or the obligations of any persons under contracts made with the plaintiffs as provided in paragraph 5. While the Amalgamated Clothing Workers of America and its representatives may pursue any lawful means to improve the condition of its members (Bossert v. Dhuy, 221 N. Y. 342; National Protective Assn. v. Cumming, supra), this right does not extend to active efforts designed to induce plaintiffs’ employees to a breach of the contract referred to or to any act or thing “ intended or designed ” to interfere with the rights of others. Hitchman Coal & Coke Co. v. Mitchell, supra. A strike may be lawful or unlawful according to the design or purpose which actuated it, and likewise picketing and boycotting may be legal or illegal according to the methods pursued. Hitchman Coal & Coke Co. v. Mitchell, supra; Mills v. United States Printing Co., supra. Finally the Amalgamated Clothing Workers of America and its representatives may be enjoined from “ conspiring ” to do any of the acts forbidden by the injunction order and from using its authority or disciplinary powers to compel the performance of the acts or things forbidden as provided in the last paragraph. Bossert v. Dhuy, supra; Penal Law, § 580, subd. 5.
A temporary injunction will not be vacated upon affidavits where the acts enjoined are illegal and tend *292 to a breach of the public peace, although the alleged facts upon which the injunction is based are substantially denied by the opposing affidavits. The order does not by implication prohibit any acts which the law recognizes may be done by the defendants in seeking a successful issue of their differences with the plaintiffs, and, on the other hand, there is no implication that acts and conduct outside the limits of the order are necessarily lawful. Their legality or illegality depends upon the purpose or design with which they are prosecuted and the methods employed in carrying them into effect.
Paragraph_4_of the temporary injunction should be modified as above provided and otherwise the order should be continued until the further direction of the court.
Ordered accordingly.