McHugh *v.* Boston, Harlem and Erie Railroad Co.

———•—•———

## McHugh *vs.* The Boston, Harlem and Erie Railroad Company, William T. Hart and others.

An interlocutory injunction will not be granted, unless it clearly appears that such a remedy is necessary to protect the rights of the party applying therefor, pending the litigation.

The plaintiff, one of several bondholders, secured by a mortgage upon the franchises and other property of the Boston, H. and E. R. R. Co., sought to enjoin a part of the defendants from conveying to the New England R. R. Co., another defendant, so much of the property formerly belonging to the Boston, H. and E. R. R. Co. as was located within this state. The property consisted of the franchises, lands, buildings, road-bed and superstructure. The defendant H. claimed to be a trustee under the mortgage, and the complaint alleged that he was claiming and acting as such without legal authority, and was about to convey to the New England R. R. Co. the property described in the mortgage. *Held* that there being nothing that could be carried out of the state, and no suggestion that the defendants intended to remove or injure the property, in any manner, an injunction was not necessary in order to have the property remain secure to abide the event of the suit.

*Held, also,* that it was unnecessary to determine whether or not the mortgage had been legally foreclosed; or whether, if it had not, a *cestui que trust* under it could challenge the proceedings. But that, assuming that the defendants

McHugh *v.* Boston, Harlem and Erie Railroad Co.

were trustees, the nature of the property was such that any formal transfer in another state could in no manner injure the plaintiff while the action was pending; inasmuch as the property would remain in this state, subject to any decree that might be entered in such action.

Where it appeared that the defendants, sued as trustees, were in office by virtue of a decree of the Supreme Court of Massachusetts, and had acted with zeal and fidelity, and it was not claimed that they had been guilty of any fraud; that all the proceedings charged as fraudulent took place long prior to their appointment, and they were in no way responsible therefor; and that the plaintiff had an ample remedy against the former trustees, for all the damages he had sustained if the allegations in his complaint were true; *Held* that it was not a proper case for an injunction and receiver.

MOTION for an injunction and a receiver. The opinion states the material facts.

*R. Christy,* for the plaintiff.

——————, for the defendants.

PRATT, J. An interlocutory injunction will not be granted, unless it clearly appears that such a remedy is necessary to protect the rights of the party applying therefor, pending the litigation.

The plaintiff seeks to enjoin a part of the defendants from conveying to the New England Railroad Company, another defendant, so much of the property formerly belonging to the Boston, Harlem and Erie Railroad Company as is located within this state. The property consists of the franchises, lands, buildings, road-bed and superstructure. There is nothing that can be carried from the state, and there is no suggestion that the defendants intend to remove or injure the property in any manner. Hence an injunction is not necessary in order to have the property secure to abide the event of the suit.

The plaintiff is one of the bondholders, secured by a mortgage upon the franchises and other property of the Boston, Harlem and Erie Railroad, known as the Berdell mortgage. The defendant William T. Hart claims

to be a trustee under the mortgage, and the complaint alleges that he is claiming and acting as such without legal authority, and is about to convey to the New York and New England Railroad Company the property described in said mortgage.

It is unnecessary to determine here, whether the mortgage in question has been legally foreclosed or not; or whether, if it has not, a *cestui que trust* under it can challenge the proceedings.

If there has been no valid foreclosure, then the equity of redemption is in the assignee in bankruptcy, who can only redeem by paying the mortgage debt.

If the defendants are not trustees, they can give no title to the New York and New England Railroad Company, and whoever assumes to take possession of the property will take it charged with all the trusts therein.

But assuming that the defendants are trustees, the nature of the property is such that any formal transfer in another state can in no manner injure the plaintiff while this action is pending. The property will remain in this state, subject to any decree that may be entered herein.

Regard must be had, in a case like this, to the degree of inconvenience and expense to which continuing the injunction would subject the defendants in the event of their being right, as well as the loss to the plaintiff, if it is dissolved, and it shall turn out his complaint is well founded.

Assuming, as the plaintiff does, that the New York and New England Railroad Company is before the court, an injunction would prevent a complete organization of the company, and the equipment and use of the railroad, involving thereby incalculable loss. The plaintiff in no event can suffer much injury by a refusal of an injunction. But the New York and New England Railroad Company is not before the court, and no valid order can be made against that corporation.

McHugh *v.* Boston, Harlem and Erie Railroad Co.

It appears that the present trustees are in office by a decree of the Supreme Court of the State of Massachusetts. It is not claimed that they have been guilty of any fraud, or that they are unfit persons to discharge the duties of trustees. All of the extraordinary proceedings charged as fraudulent took place long prior to their appointment, and they are in no way responsible therefor; in fact so far as appears here, the present trustees have acted with the utmost zeal and fidelity.

The gravamen of the plaintiff's complaint is that the present trustees propose to organize, under the Berdell mortgage, a new corporation with a capital of $20,000,000, in the state of Massachusetts. That there are bonds that have never been legally issued, now in the hands of parties not entitled to exchange them for stock of the new corporation. That these trustees will not discriminate or contest these fraudulent bonds, but are about to issue stock of the new corporation in exchange for said spurious bonds.

There is no allegation that there is any difference in the appearance of the bonds, except perhaps in the numbers, and no designation as to what numbers are on the spurious bonds. All are alike negotiable, and are presumably in the hands of *bona fide* holders. Nothing is alleged to show that trustees can discriminate between the bonds, or that any knowledge can be obtained relative thereto.

This claim of the plaintiff presents no equity entitling him to the special relief prayed for.

Before the plaintiff can compel the trustees, contrary to their own judgment, to contest any bonds, he must show that bondholders to the amount of at least $50,000, have requested the trustees in writing to litigate the validity of such bonds, and furnished them with the necessary funds for that purpose. This appears from the terms of the mortgage, which defines the powers and duties of the trustees.

Whatever may be the plaintiff's interest in the new corporation, or against the Boston, Hartford and Erie Corporation, and the former trustees under this mortgage, it is plain that the equities between the various bondholders cannot be adjusted in this suit, but it must be in a suit wherein the holders of the invalid bonds are made parties.

The Boston, Hartford and Erie Corporation and the former trustees under the Berdell mortgage undoubtedly agreed that all the underlying mortgages and liens should be discharged in case the $20,000,000 of bonds were issued under the Berdell mortgage, and they failed to perform this stipulation. Whether their failure to keep the agreement impressed any stamp of invalidity upon any of the bonds, it is unnecessary to determine, upon this motion. It may be assumed, however, that the plaintiff stands here solely upon the presumption of law, that he is a *bona fide* holder of a valid bond. No fact is stated, or claim made, by him that his bonds possess any charm of validity beyond those of any other holder.

It satisfactorily appears to me, that Hart, with Oliphant and Clark, are the present trustees under the Berdell mortgage, and that the New York and New England Railroad Company is a valid corporation authorized to issue stock for the bonds described.

Under all these facts an injunction could serve no purpose except to harass the trustees and embarrass the other bondholders.

The plaintiff has an ample remedy against the former trustees for all the damage he has sustained, if the allegations of his complaint are true.

The motion for an injunction and receiver is denied, and the temporary injunction heretofore issued is dissolved.

[KINGS SPECIAL TERM, June 2, 1873. *Pratt*, Justice.]