NEW YORK PRACTICE REPORTS.        233

Central Cross-town R. R. Co. agt. Bleecker St. & F. F. R. R. Co.

# SUPREME COURT.

The Central Cross-town Railroad Company of New York agt. The Bleecker Street and Fulton Ferry Railroad Co.

*When an injunction cannot be sustained.*

The power of the court to enjoin parties by a preliminary injunction is one which, as a general rule, should be exercised with great caution, and never in a doubtful case. The consequences which frequently follow its exercise, even when *prima facie*, it is justly employed, are disastrous. It should therefore be sustained by all the formalities of the law, strictly enforced. .

Where as in this case, on the merits, not only are all the equities denied, but the plaintiff's case is overborne by the proofs submitted on the part of the defendants, the injunction will be dissolved.

The weight of opinion seems to be in favor of the proposition that an injunction should not issue unless there be presented a complaint (not an affidavit merely), from which it shall appear that the plaintiff is entitled to the relief demanded.

*New York Special Term, July*, 1875.

Motion on the part of the defendant to dissolve injunction.

*Simon Sterne*, for plaintiff.

*John M. Scribner, Jr.*, for defendant.

Brady, J. — The weight of opinion seems to be in favor of the proposition that an injunction should not issue unless there be presented a complaint from which it shall appear

that the plaintiff is entitled to the relief demanded. The Code, by section 219, so expressly declares; but it has been held, in two cases at least, that if the application is based on an affidavit containing all the requisites of a complaint, as prescribed by section 142 of the Code, it may be regarded, for the purposes of such application, as a complaint and affidavit (*Morgan* agt. *Quackenbush*, 22 *Barb.*, 72; *Mattice* agt. *Gifford*, 16 *Abb.*, 247).

The cases which decide or suggest a contrary view are: *The People* agt. *The N. Y. Com. Pleas* (3 *Abb.*, 181); *Fowler* agt. *Burns* (7 *Bosw.*, 637); *Hecker* agt. *The Mayor of N. Y.* (28 *How.*, 211); *Badger* agt. *Wagstaff* (11 *How.*, 563).

I am inclined to the opinion that there should be a complaint, and that this prerequisite of section 219 should in all cases be demanded. Decisions (*supra*), holding, as stated, that the affidavit may be regarded as such a paper, admit this necessity, but avoid it by converting the affidavit into a complaint, and this must be in most cases a forced construction. The power of the court to enjoin parties by a preliminary injunction is one which should be exercised with great caution, and never in a doubtful case. The consequences which frequently follow its exercise, even when, *prima facie*, it is justly employed, are disastrous. It should therefore be sustained by all the formalities of the law, strictly enforced.

In this case I do not deem it necessary to apply this view, however, for the reason that I have examined the merits, and it is my judgment not only that all the equities are denied, but that the plaintiff's case is overborne by the proofs submitted on the part of the defendants. The *locus in quo* is abundantly spacious to enable both litigants to use their respective franchises, and it is not necessary to a fair and honorable competion that either should seek to take advantage of the other. The courts will not tolerate it if, by the intervention of their power, it can be prevented. The defendants have rights as well as the plaintiffs, and *vice versa*, and each should respect the other's. The defendants have not forfeited

Central Cross-town R. R. Co. agt. Bleecker St. & F. F. R. R. Co.

any by their omission to proceed earlier, if delay can be charged against them. The people might, by proceedings, declare the forfeiture to have occurred, but not the plaintiffs. It does not lie with them to assert it. From the proofs submitted it seems to be clearly established that if the plaintiffs had built their line as directed by the judgment in the action between them and the Christopher and Tenth Street Railroad Company, there would be no colliding incident to the use of their turntable. It seems to me that the dispute between these parties could be settled by any disinterested person who should visit the ground, familiar with said roads and their operation. The suggestion is made with a view to stop further litigation between the parties, which would seem to be unnecessary if both are moved by a proper spirit.

However that may be the injunction must be dissolved.