HART *et al. v.* OGDENSBURG & L. C. R. Co. *et al.*

*(Supreme Court, General Term, Third Department.*  November 22, 1892.)

MOTION TO DISSOLVE INJUNCTION PENDENTE LITE.

On a motion to dissolve an injunction *pendente lite,* where it appears that but for the injunction the relief sought by the action would be lost, and it does not clearly appear that plaintiff is not entitled to such relief, the motion should be denied.

Appeal from special term, St. Lawrence county.

Action by William T. Hart and others against the Ogdensburg & Lake Champlain Railroad Company and the Central Vermont Railroad Company to restrain defendants from the performance of an agreement of merger and consolidation. An injunction *pendente lite* was granted, and, from an order refusing to vacate the same, defendants appeal. Affirmed.

Argued before MAYHAM, P. J., and PUTNAM and HERRICK, JJ.

*Louis Hasbrouck, (Daniel Magone* and *J. C. Keeler,* of counsel,) for appellants. *Theodore H. Swift, (William C. Loring* and *Charles O. Tappan,* of counsel,) for respondents.

HERRICK J. This is a motion to dissolve an injunction *pendente lite.* If the injunction is dissolved, the transaction which the plaintiff seeks the aid of the court to prevent may be consummated. The granting of an injunction *pendente lite* rests in the sound discretion of the court of original jurisdiction, such discretion being reviewable by the general term. *Hudson River Tel. Co.* v. *Watervliet Turnpike & R. Co.,* 121 N. Y. 397–401, 24 N. E. Rep. 832; *Hatch* v. *Telegraph Co.,* 93 N. Y. 640. In this case that discretion was deliberately and carefully exercised. The same justice who granted the injunction *pendente lite* presided at the special term when the motion was made to vacate it, and again carefully considered the subject, as is evident from the reasons he gives in his opinion refusing to vacate the injunction. Where it appears that vacating the injunction granted *pendente lite* by the court of original jurisdiction may result in depriving the plaintiff of the remedy he seeks in his action, I do not think the general term should reverse the action taken by such court, unless it appears pretty plainly that the plaintiff is not entitled to the relief sought by him in his main proceeding. In this case, if the plaintiff cannot have a temporary injunction, the transaction against which he protests, and which by this action he seeks to prevent, will undoubtedly be completed, and he will be practically remediless. If this court, in the exercise of its discretion, reverses the decision of the special term, the plaintiff will be without redress; this court being, as to such matters, the court of last resort. *Hatch* v. *Telegraph Co.,* 93 N. Y. 640, and cases cited. Sometimes it may be desirable, because of the great injury or loss that may be occasioned to the party enjoined by the temporary injunction, to have the controversy determined practically, by motion such as this, but ordinarily it had better be settled in the principal proceeding, and where either party may have a final determination by the court of appeals, if they so desire. Now, in this case, it does not clearly appear to me, on the face of the pleadings, that the plaintiff is not entitled to the relief he seeks; neither does it appear that the defendants will be seriously injured by being restrained in this proceeding until the final determination of this action. Under such circumstances, I do not think we should, on a motion such as this, undertake to consider the merits, and, in effect, determine the whole controversy. Let the order appealed from be affirmed, with $10 costs and printing and other disbursements. All concur.