AUGUST GRILL, Appellant, *v.* CHARLES E. WISWALL, Respondent. | 82 281 |
| 90 88 |

*Injunction pendente lite — its granting discretionary — when reversed on appeal.*

An injunction *pendente lite* will not ordinarily be granted where the whole equities of the plaintiff's bill are denied; such rule, however, is not of universal application and has some well-established exceptions calculated to guard the rights of parties from injury pending the litigation, and it is only where the whole equities of the bill are positively denied under oath that an injunction will be dissolved on that ground.

In order to secure the exercise of the extraordinary power of the court in granting an injunction in favor of the plaintiff before the trial of an action, it must appear, upon the facts before the court, that the plaintiff will, if the injunction is not granted, suffer irreparable injury.

The granting of an injunction *pendente lite* rests in the sound discretion of the court of original jurisdiction, and should only be reversed by the General Term for an error in the exercise of such discretion.

APPEAL by the plaintiff, August Grill, from an order of the Supreme Court, made at the Albany Special Term and entered in the office of the clerk of the county of Albany on the 9th day of June, 1894, denying the plaintiff's motion for a temporary injunction.

*P. H. McCarren* and *Isaac H. Maynard*, for the appellant.

*J. Newton Fiero*, for the respondent.

MAYHAM, P. J. :

The plaintiff by his verified complaint alleges that he is the owner of lands under water in the Hudson river, which he therein describes by metes and bounds, and charges that before the commencement of the action defendant wrongfully and forcibly entered upon such land under water, and then and there commenced dredging and digging upon said lands, and deposited earth dredged and dug upon a portion of the same, and on information and belief charges that the defendant is about to continue dredging and digging and depositing the earth dredged and dug upon the said lands of the plaintiff to his damage.

The complaint asks as relief a perpetual injunction restraining the defendant from dredging, digging and depositing earth upon his said land and for damages.

The application for a temporary injunction is also supported by the affidavit of the plaintiff substantially reiterating the charges in the complaint, and also by letters patent of the State of New York issued upon the resolution of the Commissioners of the Land Office, granting to the plaintiff and others the lands under water as described in the complaint.

The answer of the defendant admits the plaintiff's title to the *locus in quo* as described in the plaintiff's complaint, but denies that the defendant entered upon the lands so described and dredged and dug up the same, or that the defendant has deposited earth upon the same, or is about to do so, as charged in the complaint, and in support of such denials introduces affidavits and surveys of maps tending to show that the dredging and depositing of earth complained of was not upon the plaintiff's land under water described in the plaintiff's complaint and patent, but was upon other lands contiguous to the lands of the plaintiff.

Upon the complaint, answer, affidavits and other papers presented to the Special Term, the court refused to continue the temporary injunction, and from that order the plaintiff appeals.

The real controversy, therefore, between the parties is as to whether the land under water, which the defendant admits he is dig-

ging and depositing upon, is upon the lands described in the plaintiff's complaint, which the defendant admits belong to the plaintiff.

To determine that the court must accurately determine the actual location of the *locus in quo*. That the plaintiff has title to land under water at about the point in controversy is a conceded fact, and whether the defendant is a trespasser upon that land depends upon the location of that grant.

The exact location of the plaintiff's premises under water does not seem to be definitely fixed by the evidence on this motion. While the complaint alleges that the land upon which the defendant is depositing his dredged material is on the plaintiff's land under water, entry upon which is denied by the defendant's answer, the evidence of the defendant's engineer and surveyor, Melius, and the map made by him, leaves the location in doubt, making three distinct locations, each to depend upon the starting point or landmarks mentioned in the grant, but, by adopting any one, a different location is established from that made by adopting either of the others. It is, therefore, impossible definitely to determine whether the defendant's answer and proof does in fact deny the whole equities of the plaintiff's bill. That being so, the general rule that an injunction will not ordinarily be granted where the whole equities of the plaintiff's bill are denied, does not absolutely control. It is only where the whole equities of the bill are positively denied under oath that an injunction will be dissolved on that ground. (*Schermerhorn* v. *Merrill*, 1 Barb. 514, and cases there cited.)

The location being in doubt, the question whether or not the trespass was upon the plaintiff's land is also in doubt, and the allegation in the complaint cannot be deemed to be positively denied under oath. It is only when upon the papers used at Special Term it is apparent that the whole equity of the plaintiff is denied that it is usual to dissolve an injunction (*Knox* v. *McDonald*, 25 Hun, 270), and even this rule is not of universal application; but has some well-established exceptions calculated to guard the right of parties from injury pending the litigation.

But in order to obtain this exercise of extraordinary power in his favor by the court before a trial, it must appear that the plaintiff, upon the facts before the court, will, if the injunction is not granted,

suffer irreparable injury, which cannot ordinarily be compensated in an action at law.

The complaint in this action does not charge that the alleged trespass will produce such irreparable injury to the plaintiff's premises, and as the learned judge at Special Term put his decision upon the authority of *Knox* v. *McDonald* (25 Hun, 270, 271); *Schemerhorn* v. *Wilcox* (1 Barb. 511); *Central Cross Town R. R. Co.* v. *Railroad* (49 How. Pr. 233), he must have determined either that the plaintiff had an adequate remedy at law for the alleged injury, or that the whole equities of the plaintiff's bill were denied by the answering papers of the defendant, or that too much doubt existed as to the plaintiff's right to justify the granting of a temporary injunction in this case.

As the granting of an injunction *pendente lite* rests in the sound discretion of the court of original jurisdiction, which should only be reviewed and reversed by the General Term for an error in the exercise of that discretion (*Hart* v. *R. R. Co.*, 48 N. Y. St. Repr. 801), we see no good reason for interfering with the decision of the Special Term in the exercise of that discretion in this case. (*Hudson River Tel. Co.* v. *W. T. & R. R. Co.*, 121 N. Y. 397–401; 31 N. Y. St. Repr. 524; *Hatch* v. *W. U. Tel. Co.*, 93 N. Y. 640.) As the complaint in this action does not raise the question of the right of the defendant to obstruct the free access of the plaintiff to his premises in the navigable waters of the Hudson river, we do not see how that question can be considered here.

Order of Special Term affirmed, with ten dollars costs and printing disbursements.

PUTNAM, J., concurred; HERRICK, J., not acting.

Order affirmed, with ten dollars costs and printing and other disbursements.