(28 Civ. Proc. R. 230.)

WHITING MFG. CO. v. JOSEPH H. BAULAND CO.

(Supreme Court, Special Term, New York County. November 6, 1898.)

1. INFRINGEMENT OF TRADE-NAME—PRELIMINARY INJUNCTION—GROUNDS.

A sale by defendant of stock in trade pending an action to enjoin the infringement of a trade-name will not impair the effect of a judgment in plaintiff's favor; and hence he is not entitled to a preliminary injunction against the sale, under Code Civ. Proc. § 604, subd. 1, providing for a preliminary injunction where defendant is about to do an act tending to render the judgment ineffectual.

2. PRELIMINARY INJUNCTION—ISSUANCE.

A preliminary injunction, which, in effect, determines the litigation, and gives the relief which it is expected to obtain by the judgment, should be granted with great caution, and only when necessity requires.

Action by the Whiting Manufacturing Company against the Joseph H. Bauland Company for an injunction. Plaintiff moves for a preliminary injunction. Denied.

Rounds & Dillingham, for plaintiff.
Gould & Wilkie, for defendants.

PRYOR, J. Plaintiff contends that the injunction may be sustained upon subdivision 1, § 604, of the Code. The argument, however, is fallacious. Plainly, the subject of the action is not the sale of the silverware, but plaintiff's right to the trade-name; and the violation of the right consists, not in the sale of the silverware, but in the infringement of the trade-name. The disposition, therefore, pendente lite, of the stock of silverware, will not impair the effect of a judgment enjoining the use of the trade-name. If the injunction is to be upheld, it may be by virtue of section 603 of the Code. But "preliminary injunctions, which, in effect, determine the litigation, and give the same relief which it is expected to obtain by the judgment, should be granted with great caution, and only when necessity requires." Bronk v. Riley, 50 Hun, 489, 492, 3 N. Y. Supp. 446; Grill v. Wiswall, 82 Hun, 281, 31 N. Y. Supp. 470. That the public will be misled, and the plaintiff injured, by the use of the name "F. M. Whiting Company," is not so clear, upon the proofs, as to authorize an injunction before trial. Association v. Haynes, 26 App. Div. 279, 283, 49 N. Y. Supp. 938.

Motion denied, with costs.