(30 Misc. Rep. 264.)

### ELBOGEN et al. v. GERBEREUX–FLYNN CO. et al.

(Supreme Court, Special Term, New York County. January 20, 1900.)

CORPORATIONS—ACTION TO ENJOIN DISSOLUTION OF—INJUNCTION PENDENTE LITE.

In an action by minority stockholders to enjoin the dissolution of a corporation by the majority stockholders, a motion to continue pendente lite a temporary injunction will be granted, where it appears that the corporation is in a very prosperous condition, and there is no apparent reason for its dissolution, and such dissolution is alleged to be proposed in order to "freeze out" the minority stockholders, and allow the majority to purchase the assets at a great reduction from their real value, and continue the business, and the continuance of its existence until trial of the action will not prejudice the rights of the defendants.

Action by Charles Elbogen and others against the Gerbereux-Flynn Company and others. Motion to continue a temporary injunction pendente lite. Granted.

G. S. Hamlin, for the motion.
Theodore Sutro, opposed.

GILDERSLEEVE, J. The action is for an injunction restraining the defendants from taking any measures for the dissolution of the defendant corporation. The motion is to continue pendente lite the temporary injunction heretofore granted. The plaintiffs are small stockholders of the corporation, while the defendant Eugene Gerbereux is the principal stockholder, and the defendants Edward Gerbereux and William C. Bryan are small stockholders. The plaintiffs claim that the business of the corporation is very prosperous, and that the defendant Eugene Gerbereux is anxious to get full and entire possession and control of the same. For that purpose, as the plaintiffs assert, the said Eugene Gerbereux is anxious to bring about a dissolution of the corporation, and a sale of its assets, so that he may buy the same in, and thus "freeze out" the plaintiffs and the other stockholders. The plaintiffs further claim that the assets of the said corporation would be sold at a great sacrifice of the plant and good will of the business, so that the stockholders would realize very little proceeds from the sale of the property, although the latter is in fact very valuable. It appears that a directors' meeting was held, at which the plaintiffs, who are directors of the company, were present; that at such meeting a resolution was adopted declaring that in the opinion of the said directors the corporation should be dissolved, and calling for a meeting of the stockholders for the purpose of voting upon said proposition. All of the plaintiffs voted in favor of said resolution. This resolution was thus voted on November 8, 1899. The meeting of the stockholders has not yet been held. Previous to the said meeting of the directors on November 8th, the following agreement was made and signed by all the directors of the company, including the plaintiffs, viz.:

"We, the undersigned, agree to form a co-partnership, under the firm name of E. Gerbereux & Co., for the purpose of buying out the stock, merchandise,

and good will, and all property now belonging to the Gerbereux-Flynn Co. This co-partnership to be formed under such rules and regulations as shall be hereafter agreed upon, the existence of this co-partnership being subject to their being able to buy out above company."

The plaintiffs claim that they acted hurriedly, and under the overmastering influence of said Eugene Gerbereux, both in signing the agreement and in voting for the resolution. Upon reflection, and, as they claim, when freed from the spell of Gerbereux's overpowering influence, they became aware that they had acted against their own interests, and that the agreement was too indefinite to prevent said Eugene Gerbereux from getting exclusive control of the assets of the corporation. They also assert that they were misled by the assurance of said Eugene Gerbereux that the resolution was only preliminary, and that they could reconsider their assent to the dissolution before any definite action was taken. In their alarm lest the stockholders should meet, pursuant to said resolution and call of the directors, and vote upon said proposition, and adopt the plan of dissolution and file the consent provided for in the statute (Laws 1896, c. 932), the plaintiffs brought this action, and obtained the temporary injunction which it is here sought to continue pendente lite. The relief demanded in the complaint is the injunction, and the allegations of the complaint are the prosperous condition of the company, the steps taken to dissolve the same, and plaintiffs' fears that Eugene Gerbereux will buy in the assets at a loss to the corporation, and at a sacrifice of plaintiffs' interests as stockholders. No claim of fraud is made, except as to the alleged assurances of Eugene Gerbereux that the plaintiffs would have a chance to reconsider their vote given in favor of the dissolution at the said directors' meeting on November 8th. The said Gerbereux denies having given any such assurance, but, even if he did, he would not necessarily have been guilty of making false representations; for, so far as appears to the contrary, he may have referred to the stockholders' meeting called to consider the question of dissolution. At such meeting the plaintiffs would have undoubtedly had an opportunity of being heard in opposition to the proposition of dissolution. The alleged assurance of Gerbereux that the resolution of the directors voted on November 8th was only preliminary was true, as under the statute the stockholders had still to be consulted on the subject of the proposed dissolution. No claim is made that said Gerbereux was not acting in accordance with the provisions of the statute in his steps towards the dissolution of the corporation. It is, however, true that he owns or controls the vast majority of the stock of the corporation, and has it in his power to carry out the plan of dissolution in strict compliance with the requirements of the statute, unless prevented by the court. All the material charges of the plaintiffs are denied by the defendants, except that the corporation is prosperous. Eugene Gerbereux, however, claims it is in the interest of all the stockholders, including the plaintiffs, to have the corporation dissolved; but he fails to show any facts or circumstances to support that claim, beyond ill feeling between the parties to this action. He

alleges that one of the plaintiffs, while an·officer of the company, was guilty of acts injurious to the said corporation; but he admits that said plaintiff has been removed from office, and certainly he does not show that plaintiffs, as directors or stockholders, can over-rule the said Eugene Gerbereux in his management of the affairs of the corporation. Still, the fact remains that a number of the stockholders appear to desire the dissolution, including the one who owns a vast majority of the stock.

The rule is that a temporary injunction is unauthorized when it does not appear from the complaint that the plaintiff is entitled to the final relief for which the action is brought. McHenry v. Jew-ett, 90 N. Y. 58. The final and only relief sought in this action is the injunction. It is also well settled that the mere allegation in the complaint of great or irreparable injury to the plaintiff and his · property, not supported by facts and circumstances, is insufficient to warrant relief by injunction. Brass v. Rathbone, 153 N. Y. 435, 47 N. E. 905. It has been held by the present presiding justice of this department, when sitting at special term, that, where a ma-jority of the stockholders of a corporation favor certain corporate action, the court will not interfere by injunction at the instance of a very small stockholder, unless in a clear case. See Benedict v. Telegraph Co., 9 Abb. N. C. 215. In the case of Jewett v. Swann, 19 Wkly. Dig. 144, the former general term of this department held, in a case where it was sought to prevent a voluntary dissolution of a corporation, that where the equities of the plaintiff's case were fully met and denied, and although, upon the allegations of the complaint, if established, plaintiff might be entitled to some relief, his alleged right to a temporary injunction was not sustained. We have here, as I have said, the fact confronting us that the cor-poration is prosperous, and that, without assigning any specific rea-son therefor, the majority stockholders seek to dissolve it, in spite of the opposition of the minority stockholders. These are the facts or circumstances which appear in support of the allegations of the complaint setting forth the cause of action for an injunction, to wit, the undisputed prosperity of the corporation, and the lack of motive for its dissolution. Are we to infer from this that plain-tiffs will be irreparably damaged, should the court decline to re-strain defendants from proceeding with the dissolution of the cor-poration? In the case of Gere v. Railroad Co., 19 Abb. N. C. 213, the special term. of the Fifth department (Kennedy, J.) uses these words, viz.:

"While it may be conceded that a stockholder in a corporation, owning a single share of its stock, may call upon the directors for an account of their stewardship, and perhaps may, when it is entirely apparent that some act is threatened to be performed by them subversive of his interest, invoke the aid of a court of equity to restrain the doing of such act, although his associate stockholders, representing millions of said stock, do not concur with him in the view he entertains and the position he takes, but, instead, assert their belief that the threatened act will, if carried forward to completion, result in the common good to all those associated with him, still, to entitle him to maintain the position and to demand relief by injunction, under such circumstances, the

court should only interpose in this summary manner when the claimed wrongful acts are such, beyond question, and the case should be one free from reasonable doubt."

In the case of Lewisohn v. Mining Co., 26 Misc. Rep. 627, 56 N. Y. Supp. 818, Mr. Justice Laughlin, sitting at special term in this department, held as follows, viz.:

"The holders of a majority of the capital stock of a corporation may ordinarily determine on the policy to be pursued, and direct and control the business of the company unrestrained. If they combine and assume the management and control, they owe a duty to the minority of good faith and diligence to carry out the purpose for which the corporation was organized, and they may not manage and conduct the business in their own interests or to their own advantage, and to the injury of the other shareholders. The burden was upon the plaintiff to show facts sufficient to bring the case within these rules. * * * The wishes of those who own nearly all the capital stock are entitled to great weight in determining whether a court of equity should intervene. * * * The plaintiff does not show a right to equitable relief by injunction, free from reasonable doubt."

In the case at bar, however, it is not the management, but the destruction, of the corporation that is in issue. The plaintiffs claim that they have worked hard to build up the business of the company, and are now threatened with a total or partial loss of the results of their labors. They urge that, while there is nothing to indicate that the rights of the defendants will be prejudiced should the corporation continue to exist until the trial of the action, the plaintiffs will be placed beyond remedy to save the corporation should the court allow the defendants to proceed now with the dissolution. On the other hand, the defendants urge that the fear of the plaintiffs that Eugene Gerbereux, in spite of his denials, will buy in the assets himself, at a sacrifice of plaintiffs' interests, is too speculative and uncertain to be seriously considered. It is apparently the defendants' theory that, although the business of the company is prosperous, the desire of the majority stockholders is a sufficient reason for a dissolution. It is a general principle that an injunction pendente lite, which, in effect, as in the case at bar, determines the litigation, and gives the same relief which is expected to be obtained by the judgment, should be granted only when required by imperative necessity. McGuire v. Bloomingdale, 8 Misc. Rep. 478, 29 N. Y. Supp. 580. Does that imperative necessity exist in the present case? If the injunction is not continued, the defendant will go on with the dissolution of the corporation, and, as plaintiffs claim, the said Eugene Gerbereux will buy in the assets at a loss to the stockholders, and plaintiffs will be "frozen out." This would certainly render a final judgment in the plaintiffs' favor ineffectual. The well-settled rule, as defendants urge, undoubtedly is that, in order to secure the exercise of the extraordinary power of the court in granting an injunction in favor of the plaintiff before the trial of the action, it must appear upon the facts before the court that plaintiff will, if the injunction is not granted, suffer irreparable injury. Grill v. Wiswall, 82 Hun, 281, 31 N. Y. Supp. 470. Plaintiffs claim that they have met this requirement. Under all the circumstances of the case, I am in-

clined to think that the injunction should continue until the trial and determination of the action, when the merits of the action can be better determined than on this motion. It was held, on a similar motion, in the case of Warsaw Water Co. v. Village of Warsaw, 4 App. Div. 509, 40 N. Y. Supp. 28, that, where the questions involved in an equitable action cannot satisfactorily be decided until the issues of fact have been tried, the court will not attempt to settle the ultimate rights of the litigants upon affidavits. Under the present conditions of the special term calendar, the case can speedily be reached for trial, and the rights of the parties properly determined, while there is no reason for believing that the continuation of the existence of the corporation until that time will prejudice the rights of the defendants.

Motion granted. No costs. Settle order on notice.