(38 Misc. Rep. 593.)

### JOHNSON v. KINGSTON BOARD OF EDUCATION et al.

(Supreme Court, Special Term, Ulster County.   August, 1902.)

1. INJUNCTION—IRREPARABLE INJURY.

> A taxpayer and a resident of that part of the Kingston school district created by Laws 1863, c. 360, was excluded from the district by Laws 1902, c. 494, and sought to enjoin the old board of education from transferring the school property of such part of the school district to the new board, and to enjoin such new board from acting as such, or exercising any dominion over such school property, on the ground of the unconstitutionality of the act of 1902.   *Held*, that there being no showing of irreparable injury by a failure to issue the injunction, or that it was necessary in order to preserve the status of the parties, it would be denied.

Action by Bernard Johnson against The Kingston board of education and others.   Application for temporary injunction denied.

William D. Brinnier, for plaintiff.

G. D. B. Hasbrouck, for all defendants except city of Kingston and Kingston board of education.

BETTS, J.   This is an action brought by the plaintiff, a resident, real property owner, and taxpayer of that part of the town of Ulster situated in the territory incorporated in the Kingston school district by chapter 360 of the Laws of 1863.

¶ 1. See Injunction, vol. 27, Cent. Dig. § 14.

The plaintiff is the father of children of school age residing with him. He brings this action against the various defendants herein for the purpose of obtaining a permanent injunction restraining the nine individual defendants named from "interfering in any manner with the real and personal property of the Kingston school district, and from exercising any possession, control, or dominion thereover, and from exercising any of the duties and functions of school trustees or a board of education within the Kingston school district," and that the defendant Kingston board of education be perpetually enjoined and restrained from transferring to the said defendants, or to the city of Kingston, any of the school property, real and personal, of the Kingston school district, and from permitting said defendants to exercise any possession, control, or dominion thereover, and that all the defendants be enjoined and restrained from excluding the children of plaintiff from the schools of the Kingston school district.

This is an application made to the special term for a temporary injunction, during the pendency of this action, of like tenor and import to the permanent injunction asked for.

It appears by the papers submitted that, in and by said chapter 360 of the Laws of 1863, school districts Nos. 5, 8, 11, and 15 of the then town of Kingston were consolidated in one school district, known as the "Kingston School District," and that the school trustees authorized under said chapter 360 of the Laws of 1863 were known as the "Kingston Board of Education," and upon the territory thus constituted the "Kingston School District" numerous large schoolhouses have since been erected, and, in addition, personal property of considerable value was acquired by said board of education, all of which real and personal property is now within the corporate limits of the city of Kingston. That in 1864 the trustees of Kingston Academy conveyed to the Kingston board of education, pursuant to an act of the legislature passed April 23, 1864, the property known as the "Kingston Academy Property," "in trust to hold and occupy the said premises forever as a site of a free high school of both sexes for the Kingston school district." It also appears that a certain sum of money known as the "Wynkoop Fund" was many years ago given to the Kingston board of education, the income of which is to be applied to the payment of the salary of a teacher of French in the said Kingston Academy. That in 1872 a portion of the said Kingston school district was incorporated, with other territory, into the city of Kingston. That bonds issued by said Kingston board of education, pursuant to law, are now outstanding, and that there is a floating indebtedness of said board of education. That on April 11, 1902, the legislature of the state of New York passed an act (chapter 494), purporting to erect a new Kingston school district, including the whole of the city of Kingston, and excluding therefrom that portion of the old town of Kingston, now a portion of the town of Ulster, in which the plaintiff, Bernard Johnson, lives, and constituting said Bernard Loughran and the eight other individual defendants the trustees of said new school district so erected. It also appears that this Kingston Academy, the entire school buildings and property, and the Wynkoop fund were prior to the time of this motion, and prior to the time of the

commencement of this action, transferred by the Kingston board of education to the said nine individual defendants, Bernard Loughran and others, and that said nine individual defendants were in actual custody and possession of the same, and claimed to hold the same by virtue of said chapter 494 of the Laws of 1902. It further appears that the children of the plaintiff have not been denied admission to Kingston Academy or any of the schools organized under chapter 360 of the Laws of 1863, and that no diversion of the income from the Wynkoop fund has been had by the individual defendants named, nor, so far as appears by their answer, is any use thereof contemplated except in compliance with the deed of gift from the donor.

A temporary injunction, which is the relief now asked, is an act of extraordinary power on the part of the court, in behalf of either party to an action before the trial; is always cautiously granted; and it must fairly appear upon all the papers presented, before such injunction is granted, that the plaintiff will suffer irreparable injury if it be not issued, or that it is necessary to preserve the status of the parties, or some sufficient cause showing the need of hasty action exists. Grill v. Wiswall (Sup.) 31 N. Y. Supp. 470; New York & A. R. Co. v. New York, W. S. & B. R. Co., 11 Abb. N. C. 386; Bronk v. Riley, 50 Hun, 489, 3 N. Y. Supp. 446; McHugh v. Railroad Co., 66 Barb. 612. Many other questions are raised in this action in addition to those here briefly referred to.

The plaintiff claims that the entire act is unconstitutional for many reasons, urging among others that it does not comply with section 16 of article 3 of the New York state constitution, which is as follows: "Private and local bills not to embrace more than one subject.—Section 16. No private or local bill, which may be passed by the legislature, shall embrace more than one subject, and that shall be expressed in the title,"—in that the title of this bill gives no notice to the plaintiff, and those residents of that portion of the town of Ulster which was incorporated in the Kingston school district by chapter 360 of the Laws of 1863, that their premises were to be set off from said school district, and that no compensation was made to them for the school property thus taken, although the plaintiff and his predecessors in title had contributed by payment of taxes to the erection of all the school buildings in said Kingston school district.

The nine individual defendants urge that the plaintiff cannot maintain the action in any event, that the statute of 1902 complained of is a valid exercise of legislative power, that this plaintiff has been in no wise injured thereby, and that the act is constitutional in all respects.

Without passing upon these and the other serious and important questions that are presented in regard to the validity and constitutionality of the statute, which can very well wait until the final determination of this action, when all the facts will be before the court, the court has concluded not to grant the temporary injunction asked for on the ground that the plaintiff has not shown himself thus far to be injured. When his children are excluded from the Kingston Academy, or when the income of the Wynkoop fund is diverted from the purpose declared by its donor in the deed of gift, or when the

other contingencies suggested in the complaint or affidavits occur, if it be prior to the trial, then the plaintiff may, if he chooses, make an additional application to the court, and a temporary order, if necessary and he is entitled thereto, may be obtained. Spell. Extr. Relief, § 28; Insurance Co. v. Bigler, 79 N. Y. 569. The motion for the temporary injunction is denied.

Motion denied.