## ONONDAGA NATION *v.* THACHER.

ERROR TO THE SUPREME COURT OF THE STATE OF NEW YORK.

No. 234. Argued April 8, 9, 1903.—Decided April 27, 1903.

Writ of error dismissed for want of jurisdiction, because no claim of Federal right was specially set up or called to the attention of the state court in any way, and that court did not pass upon or necessarily determine any Federal question.

THIS action was originally brought by the Onondaga Nation and Te-has-ha, an Onondaga Indian. Subsequently several other Onondaga Indians, one Seneca Indian, a Cayuga Indian

and the University of the State of New York were made additional plaintiffs. The ultimate object of the action was to recover from the defendant four wampum belts, to which defendant asserted ownership by purchase, but which were averred by the plaintiffs to be the property of a league or confederacy of Indian tribes, known as the "Ho-de-no-sau-nee." The Onondaga Nation, through an officer selected by it, was averred to be the lawful keeper or custodian of said belts. The league or confederacy referred to was also at one time known as the Iroquois Confederacy, as the Five Nations (consisting of the Mohawk, Onondaga, Seneca, Oneida and Cayuga tribes) and, after the Tuscarora Nation of Indians came into the league, as the Six Nations. By an amendment to the complaint it was alleged that on February 26, 1898, "the Onondaga Nation elected the University of the State of New York to the office of wampum keeper, and by bill of sale sold and transferred to the University of the State of New York all its interest in the said wampums;" and the right to the custody of the belts was alleged to be in said University. These wampum belts were thus described :

"One belt of dark wampum beads representing the confederation organization of the Five Nations under Hiawatha; one belt representing the first treaty stipulation between the Six Nations and General George Washington, picturing in wampum beadwork the council house, General Washington, the O-do-ta-ho, or president of the tribes, and thirteen representatives of the colonies ; also two fragments of other belts, one representing the first approach to the Indians of the 'people with white faces,' and the other a narrow belt representing the unity of the Five Nations."

The complaint contained no allusion to the Constitution, treaties or statutes of the United States.

In substance the answer contained a recital of the facts connected with the purchase of the belts, and it was asserted that absolute ownership thereof existed in the defendant.

The action was tried at a special term of the Supreme Court of Onondaga County, New York. After the introduction of oral and documentary evidence, the court filed findings of fact

and conclusions of law. The defendant was found to be the absolute owner of the property in question; the Onondaga Nation was held not to have legal capacity to sue; the University of the State of New York was decided not to have such interest in the subject matter of the action as entitled it to bring an action for the recovery of any or either of the wampum belts; and the individual Indians made parties plaintiff were adjudged not to possess such a community of interest with the members of the various tribes constituting the league or confederacy which it was alleged originally owned the belts, as to permit the maintenance by them of the action. Beyond statements made in testimony or in recitals of historical facts showing that the general government had made treaties with the confederacy of the Six Nations and with certain of the tribes which had composed the confederacy, and that said treaties had been evidenced by the exchange of belts of wampum, there was not contained in the evidence or in the findings referred to, or in the judgment rendered or in the exceptions thereafter filed by the plaintiffs to the findings of the court, any allusion to the Constitution, treaties or statutes of the United States.

On appeal the appellate division of the Supreme Court of New York for the fourth judicial department affirmed the judgment of the trial court. An appeal was then taken to the Court of Appeals of the State of New York, and that court affirmed the judgment, 169 N. Y. 584, upon the following *per curiam* opinion :

" We think the judgment appealed from should be affirmed, upon the ground that neither the Onondaga Nation nor the individual Indians named as plaintiffs, had legal capacity to bring and maintain the action. *Strong* v. *Waterman*, 11 Paige, 607 ; *Seneca Nation* v. *Christie*, 126 N. Y. 122; *Johnson* v. *Long Island R. R. Co.*, 162 N. Y. 462.

" As to the University of the State of New York, one of the plaintiffs, the finding of fact by the trial judge, ' that the University of the State of New York never purchased any or either of the wampum belts mentioned and described in the complaint, and that said University of the State of New York never was selected or " raised up " to the position or office of " wampum

keeper," and no official proceedings were ever begun on the part of any of the tribes of Indians which formerly composed said Iroquois Confederacy for the purpose of conferring any such position or office upon said University of the State of New York, assuming that there is or was, at the time of said alleged proceedings, any such official position,' is supported by evidence, and the judgment having been affirmed at the appellate division, it is, therefore, conclusive upon us."

The record and the proceedings in the cause having been remitted to the Supreme Court of Onondaga County, and the judgment of the Court of Appeals having been made the judgment of the lower court, a writ of error was allowed to review this latter judgment.

*As-que-sent-wah* (*Edward Winslow Paige*) for plaintiffs in error.

*Mr. John A. Delehanty* for defendant in error.

MR. JUSTICE WHITE, after making the foregoing statement, delivered the opinion of the court.

The jurisdiction of this court to review the judgment complained of is controlled by section 709 of the Revised Statutes. Now, so far as we have been able to ascertain from a careful examination of the record there was not drawn in question in the courts of the State of New York in the case at bar, in any manner, the validity of a treaty or statute of, or an authority exercised under, the United States, and the courts of the State of New York rendered no decision against the validity of any such treaty, statute or authority. Nor is there anything contained in the record to indicate that there was drawn in question in the state courts the validity of any statute of, or the validity of an authority exercised under, a State, and necessarily there was no decision sustaining the validity of any state statute or authority exercised under a State, alleged to be repugnant to the Constitution, treaties or laws of the United States. Neither can we find anything in the record to warrant the contention that the plaintiffs in error ever, specially or otherwise,

set up or claimed in the course of the litigation in the courts of
New York, which is under review, any title, right, privilege or
immunity under the Constitution, or a treaty or statute of, or
commission held or authority exercised under, the United States.

There are no formal assignments of error in the record or in
the brief of counsel for plaintiffs in error. It is, however, as-
serted in such brief that a Federal question arises upon the rec-
ord because of the ruling by the Court of Appeals of the State
of New York, that " there was evidence supporting the finding
of fact by the trial judge that the University of the State of
New York never purchased any or either of the wampum belts
mentioned and described in the complaint, and that said Uni-
versity of the State of New York never was selected or ' raised
up' to the position or office of ' wampum keeper,' and no of-
ficial proceedings were ever begun on the part of any of the
tribes of Indians which formerly composed said Iroquois Con-
federacy for the purpose of conferring any such position or of-
fice upon said University of the State of New York, assuming
that there is or was, at the time of said alleged proceedings,
any such official position."

Referring to this ruling of the Court of Appeals of New
York, counsel for plaintiffs in error say :

" It is plain that this is a holding that the Council of the On-
ondagas *had no power* to select a depositary for the wampums.
It is not that the University could not take, could not act and
could not sue, but ' *that it never was selected,*' for the position
of wampum keeper. As the action of the Council *selecting* it,
or *voting its selection,* is admitted on the record, this can only
mean that the action of the Council of the Onondagas *was void
as beyond its power,* and thus the Federal question is right up,
because the case was decided by the Court of Appeals upon that
question *solely.*"

But, even if the quoted matter is susceptible of the construc-
tion that it adjudged that the Council of the Onondaga Nation
of Indians did not possess the power which it is claimed they
attempted to exercise in 1898, to select the University of the
State of New York as the depositary for the wampums, it is
not apparent, and no reason has been advanced which enables

us to discover how a Federal question can be evolved from the holding referred to which would entitle us to review the judgment below. Certainly, the Court of Appeals of New York did not suppose that a Federal question was lurking in the record presented for its consideration.

In any event, as we find that no claim of Federal right was specially set up, or called to the attention of the state court in any way, we are without jurisdiction to review the judgment of the state court. *Telluride Power. Transmission Co.* v. *Rio Grande Western Railway Co.,* 187 U. S. 569, 580.

*Writ of error dismissed for want of jurisdiction.*