THE VILLAGE OF OWEGO, Plaintiff, v. THE TIOGA COUNTY AGRICULTURAL SOCIETY, Defendant.

Supreme Court, Tioga County, August 23, 1934.

*Benjamin W. Loring,* for the plaintiff, for the motion.

*Francis J. Clohessy [Edward C. O'Connor* of counsel], for the defendant, opposed.

PERSONIUS, J. The fair grounds located in the village of Owego, Tioga county, New York, were conveyed to the plaintiff by the defendant in 1924. The deed contained the following clause:

" Excepting and reserving the right and privilege to use such premises for County Fair purposes not exceeding ten days in each year, commencing on the Thursday before the time which shall be set for the first day of the Fair in each year."

The defendant has fixed and advertised its 1934 fair to commence Monday, August twenty-seventh. It has advertised automobile races to be held upon the race track as an attraction at said fair. The plaintiff claims that the defendant has no right to hold such races on the fair grounds and that to do so is liable to cause injury to persons and property for which the plaintiff, being the owner in fee of the grounds, might be liable. This action is brought to enjoin the defendant from holding the races. This motion is for an injunction *pendente lite*.

Two principal questions arise: (1) has the defendant the right, under the terms of the reservation in the deed to the plaintiff, to hold automobile races, and (2) even if it has no such right, has the plaintiff such an interest as entitles it to injunctive relief?

A temporary injunction should not be granted unless the plaintiff's right is entirely clear or if doubt of the ultimate remedy exists. This is particularly true where the temporary injunction in effect determines the litigation. (*City of Rochester* v. *Rochester Girls' Home*, 194 N. Y. Supp. 236; *Wallach Bros.* v. *Wallack*, 200 App. Div. 169; *Whiting, etc.,* v. *Bauland Co.*, 56 N. Y. Supp. 114.)

When the defendant owned the premises it, of course, had the right to use them for county fair purposes. That right it did not give up. It reserved the right to hold the fair annually. Primarily a county fair is for the exhibition of agricultural products and demonstration of agricultural processes. Horse racing may fairly be considered as connected with agriculture. Automobile races cannot. However, by custom and usage certain attractions, entertainments and exhibitions in no way connected with agriculture are and for years have been accepted and recognized as proper appurtenances to a fair. The statute under which the defendant is incorporated seems to contemplate the holding of exhibitions and entertainments in connection therewith. (Membership Corp. Law, §§ 209, 204.) In recent years automobile races have, to some extent at least, been so held. We should not hold on this motion for a temporary injunction, that the defendant's right to hold a county fair on the premises does not give it the right to hold automobile races in connection therewith.

Furthermore, unless the village would be liable for damage due to accidents in connection with the automobile races, it would not seem to be entitled to injunctive relief. During fair week the defendant has the use of the premises for county fair purposes. While the plaintiff owns the premises and may, and we believe does, conduct other activities thereon during the year, during the period of preparation for and holding of the fair it steps out and permits the defendant to exercise the temporary right of possession

which it did not grant in its deed to plaintiff. The plaintiff has no part in arranging for, managing or conducting fairs or any activities connected therewith. It in no way authorizes or permits the holding of automobile races. Such races are not illegal and unless the plaintiff does something of a negligent nature, we fail to see any ground of liability on its part. (*Bogart* v. *City of New York*, 200 N. Y. 379, citing *Johnson* v. *City of New York*, 186 id. 139.)

*Arnold* v. *State of New York* (163 App. Div. 253) grew out of an accident during automobile races at the State Fair. Several fatalities resulted. If, as in that case, the plaintiff here not only owned the fee of the fair grounds, but had the exclusive right of possession and through its officers and agents held the fair, arranged for and conducted the automobile races, created the danger, invited the public to attend, charged and received admission fees, it might be liable for damages resulting from the negligence, if any, of its officers and agents in connection therewith. But such is not the case here. It follows that the village has no right to demand injunctive relief.

Motion denied, with costs to abide the event.