In the Matter of INDIAN CEMETERY, QUEENS COUNTY, NEW YORK.

Supreme Court, Queens County, August 25, 1938.

*Jaffe & Zager*, for the petitioners, for the motion.

*William C. Chanler, Corporation Counsel*, opposed.

CUFF, J. Motion for an order declaring the existence of an easement in favor of petitioners. The relief sought is to authorize petitioners to remove from land owned by them the human remains of persons buried therein many years ago. It is not certain that any one was buried on the particular site but it is known that the place was used as burying ground by the Indians — it is referred to as " Indian Cemetery."

This application has grown out of a condemnation proceeding maintained by the city of New York. In that proceeding, title to " Damage Parcel 400 " was established by petitioners. That parcel was a part of " Indian Cemetery " of which petitioners are the owners. " Damage Parcel 400 " was condemned to make way for the widening of Northern boulevard, Queens county, New York city. Confronted by the presence of human remains in the ground over which the highway was to be constructed, the city purchased a plot in a nearby cemetery and pursuant to section 181 of the Highway Law obtained an order of this court authorizing the removal of the remains found in " Damage Parcel 400 " to that plot. Whether any one opposed the granting of that order does not appear.

The plot and disinterment necessitated an outlay of $2,132 by the city. But this sum was deducted from the amount awarded to petitioners for " Damage Parcel 400." The fact is, therefore, that petitioners paid for the burial plot and for the removal of the remains thereto. The deed to the cemetery plot is in the name of the city of New York and the latter has possession of it. The habendum clause of the deed follows: " To have and to hold the hereinabove premises to the said City of New York, its successors and assigns forever, subject however to the conditions, restrictions and regulations of said cemetery for the sole purpose of the reburial of the bodies to be taken from the Indian Cemetery, in Little Neck in the Third Ward, Borough of Queens, City of New York."

It is a fact that the " Indian Cemetery " has been abandoned as a cemetery for many years and that some of those buried in it have been removed to the newly-acquired cemetery plot. It is also a fact that the plot has an abundance of room for additional remains. The court has been able to find no Indian rule or custom that decries removing buried persons. Literature indicates that the Indians regarded the subject about the same way as we do.

Petitioners are met with the refusal of the city of New York to issue a permit granting leave to build upon the land because it is " cemetery " ground. (That was stated on the argument but it is not in the petition.)

A fine burial place — a real cemetery that is appropriately maintained — Zion Methodist Episcopal Cemetery — is now the resting place of some (perhaps all) of those who are interred in " Indian Cemetery." That plot has been provided by petitioners. They paid for it.

Objection to granting this relief comes from two descendants of the people who *may* be buried on the property. But petitioners, it should be noted, are not strangers to the deceased whose remains they desire to remove. They too are kin to the living descendants of those who may be buried on the site. It may be possible — no one states to the contrary — that all of the burials in the cemetery were within the limits of " Damage Parcel 400 " and have already been removed.

It would seem that these descendants should withdraw their opposition. There is no impropriety in removing the remains of deceased persons. That is no desecration of their memory. Were not our men of the American Expeditionary Forces, who died in foreign lands, long after their interment in those lands, removed to their family cemeteries in this country? This was done at the expense of a grateful government. Surely, no one could charge that mere removal of the remains was an act of desecration.

In this case there are more than the ordinary reasons for making the removals. The present situation may be the cause of dividing the deceased members of one family. If some remains are still on the site, the dead of the tribe of Indians which used the cemetery are now in different places. That may not be important but it violates a recognized custom and well-grounded belief.

If this were merely an application based upon the demands of industry and business, I would say that the court lacked the power to order the removals. Aside from the fact that relatives of the deceased are the proponents here, an action was brought in this court during the course of which provision was made for the reburial of " the bodies to be taken from Indian Cemetery." This language

appears in the deed obtained from Zion Methodist Episcopal Cemetery, which deed evidently was before the court when the order under section 181 aforesaid was applied for.

The court knows Northern boulevard and recognizes that it is not an appropriate place for a cemetery. There will be business ventures on all sides of the remnant of Indian Cemetery in a very short time.

There is no proof that actually the remains of Indians are now buried on the land in question. Every reason exists why the bodies should be removed and there seems to be no reason why they should not be.

I think the court, in view of all the circumstances, has the power to declare that the deed to the cemetery plot created an easement. Authorized representatives of the buried persons may avail themselves of this easement or right. Petitioners as has been said, provided this burial plot for " the bodies to be taken from Indian Cemetery."

Without regard to the easement or right I think in the interest of justice not only to the petitioners but also to those (if there are any) interred in the abandoned cemetery that their remains should be removed and they should be placed with the others of their kind who now rest in the newly-acquired plot — a suitable place. I am of the opinion that when the remains from " Damage Parcel 400 " were removed, provisions should have been made for removing the others. It seems to me that it was an oversight not to have provided for all who were buried in the old cemetery which no longer is an appropriate place for the dead. I am not convinced that the opposition is made in good faith.

Objection is made to this proceeding by respondents and the city of New York. I think that it is a well-grounded proceeding. Equity should and does have the power to entertain an application for relief, which is closely related to an action pending or which was pending before that court. What this proceeding is called is not important. What it seeks to accomplish is important. My view is that it is a special proceeding which seeks to correct an apparent and grievous error committed in a proceeding or action that was closed.

Application granted.