NICK BAILEY, in Behalf of Himself and All Others Similarly Situated, Plaintiff, *v.* HUGH R. MILLER et al., Defendants.

Supreme Court, Special Term, Ontario County, July 21, 1955.

*John J. Leonard* for plaintiff.

*James M. Ryan* and *Lyman B. Lewis* for Hugh R. Miller, defendant.

*Henry S. Manley* for State Science Service, affiliate of New York State Museum, defendant appearing specially.

ROBERTS, J.    In this action the plaintiff, who claims to be chief of one of the clans of the Tonawanda Seneca Indian Tribe, seeks to enjoin excavation of the Indian burial ground near the city of Geneva, Ontario County, N. Y. This is a motion for a temporary injunction pending trial of said action.

It is the policy of the law that except for good and substantial reasons the quiet of the grave and the repose of the dead are not to be disturbed. (*Matter of Currier* [*Woodlawn Cemetery*], 300 N. Y. 162, 164; *Yome* v. *Gorman,* 242 N. Y. 395, 403; *Matter of Ackermann,* 124 App. Div. 684, 685; 25 C. J. S., Dead Bodies, § 4.) The proposed excavations in this ancient burial ground are in the interests of historical and scientific study. Whether or not excavations for such purposes would constitute a good and sufficient reason for disturbing the repose of the dead, if properly opposed by the relatives or descendants of those who were buried, poses an interesting question which it is not here necessary to decide. It has been held that the proposed construction of a public highway is a sufficient ground to require the removal of bodies from an Indian cemetery. (*Matter of Indian Cemetery, Queens Co.,* 169 Misc. 584.)    The defendant, State Science Service, has not been served, but the deputy attorney-general who appeared specially for this defendant stated in open court without contradiction that the excavations already made in this burial ground have disclosed nothing of historical interest and that no further excavations are contemplated.

Plaintiff, alleging that he is a chief of one of the clans of the Tonawanda Seneca Indian Tribe, brings this action in behalf of

himself and all others similarly situated. It is alleged that the question which is the subject of the action is one of common and general interest to all members of the Tonawanda Seneca Indian Tribe and particularly the council of chiefs. Plaintiff's counsel on the argument stated that plaintiff is unable to establish and makes no claim that he himself is a descendant of anyone buried in this Indian burial ground. The action is clearly a representative action. The law in this State is clear that in the absence of some statutory provision authorizing suit, an action may not be maintained in the name of an Indian tribe or in the name of any individual of such tribe on behalf of himself for the benefit of all. (*Johnson* v. *Long Island R. R. Co.*, 162 N. Y. 462; *Seneca Nation of Indians* v. *Appleby*, 196 N. Y. 318, 320; *Onondaga Nation* v. *Thacher*, 169 N. Y. 584, writ of error dismissed 189 U. S. 306; *Pharaoh* v. *Benson*, 164 App. Div. 51, affd. 222 N. Y. 665.) If plaintiff at time of trial is able to establish that he has any individual rights, an action to enforce such rights can be maintained (Indian Law, § 5). There is however no authority for the bringing of a representative action such as is here before the court either in sections 11, 54 or 81 of the Indian Law, and plaintiff has failed to point out any statutory authorization either by way of enabling act or otherwise for this action.

Hugh R. Miller is the only defendant who has been served and against whom a temporary injunction might issue. It is alleged in the complaint that this defendant is the owner of the lands upon which the Indian burial ground is located. In opposition to the motion this defendant has submitted an affidavit which is not controverted, in which this defendant asserts that he is not the owner of the land but is in possession thereof under a land contract. He states that prior to the making of said land contract the record owner of the property made arrangements with the New York State Museum Service, a division of the University of the State of New York, for the excavation of the burial mound in the interests of history and science; that when the land contract with the defendant Miller was made, the owner expressly reserved the right to have the excavations made in accordance with such arrangements. It would seem, therefore, that the defendant Miller would be powerless to prevent the continuance of the excavations if they are to be continued and that any injunction restraining him would be valueless.

A temporary injunction will not be issued where the right to ultimate relief is in doubt. (*Matter of Overseas News Agency* v. *Overseas Press*, 183 Misc. 40, affd. 268 App. Div. 856; *Levine* v. *Brooklyn Nat. League Baseball Club*, 179 Misc. 22; *Village of*

*Owego* v. *Tioga Co. Agric. Soc.,* 152 Misc. 544; *Empire Boxboard Corp.* v. *Active Paper Box Co.,* 115 N. Y. S. 2d 14.) Here there is not only grave doubt as to plaintiff's ultimate right to relief but the granting of a temporary injunction against the defendant Miller alone would not afford the plaintiff the relief which he seeks to obtain.

Temporary stay is vacated and motion denied as a matter of discretion, without costs.